Ella F. Guild *vs.* Eastern Trust and Banking Company.

Penobscot.    Opinion May 10, 1926.

*The decision of this court, that a check in part payment of a larger sum, payment of which was based upon an oral promise to marry, is unenforceable under the statute of frauds, as held in Guild v. Banking Co., 124 Maine, 208, reaffirmed.*

In this case the defendant introduced a written statement, signed by the plaintiff, "a full and frank statement of her relations with Mr. Hill," *Guild* v. *Banking Co.,* supra. The facts contained in that statement must be considered in the light of admissions against interest but since this is an action against a representative party the living party cannot testify upon facts occurring before the decease of Mr. Hill and the plaintiff's testimony was properly excluded.

On exceptions by plaintiff. An action in assumpsit against defendant bank as executor of the estate of Frederick W. Hill to recover the amount of a check drawn by Mr. Hill upon defendant bank payable to the order of the plaintiff, delivered to her a few hours before his death, but not presented to the bank for payment during the life of Mr. Hill. The defendant contended that the check was without legal consideration, being a part payment of a larger sum, payment of which was based upon an oral promise to marry and hence unenforceable under the statute of frauds. A motion for a directed verdict in favor of defendant was granted and plaintiff excepted. An exception also was taken by plaintiff to the exclusion of certain testimony. Exceptions overruled. This case has twice before been before the Law Court. 122 Maine, 514; 124 Maine, 208.

The case fully appears in the opinion.

*Louis C. Stearns and Albert A. Schaefer,* for plaintiff.
*Ryder & Simpson,* for defendant.

Sitting: Philbrook, Morrill, Deasy, Sturgis, Barnes, Bassett, JJ. and Spear, A. R. J.

Deasy, J. and Spear, A. R. J., dissenting.

Philbrook, J.   This is an action in assumpsit wherein the defendant is now sole executor of the last will and testament of Frederick W. Hill.

On the tenth day of April, 1920, said Hill drew a check on the defendant bank for the sum of seventy-five thousand dollars, payable to the order of the plaintiff. The signature of Mr. Hill was witnessed by his nurse, Agnes J. Sharpe. The check, immediately after being signed, was delivered to the plaintiff. This transaction took place on Saturday. Within a few hours after he drew the check Mr. Hill died. On the following Monday, April 12, Mrs. Guild presented the check to the Trust Company for payment, but the bank declined to accept and pay the same. This suit is brought against the bank, as executor, to compel payment of the check out of assets of the estate. The case has been before the trial court at nisi prius three times, and now, for the third time, is before the Law Court.

At the first trial of the cause, when the plaintiff had presented her evidence, and rested her case, on motion by counsel for defendant, the presiding Justice directed a verdict for the defendant. To this ruling the plaintiff excepted and her exceptions were sustained. *Guild* v. *Banking Company*, 122 Maine, 514.

At the second trial the case was submitted to a jury. Verdict resulted for the plaintiff in the sum of $88,350. Before the jury took the case from the presiding Justice, counsel for the defendant filed a motion for a directed verdict in favor of the defendant. This motion was denied, to which denial exception was taken. After verdict defendant filed a general motion for a new trial. The exception was sustained, likewise the motion, and new trial was thereby ordered. *Guild* v. *Banking Company*, 124 Maine, 208.

At the third trial, upon motion for a directed verdict in favor of the defendant, the same was granted, to which ruling the plaintiff filed exception. This exception, together with one relating to exclusion of certain evidence offered by the plaintiff, brings the case before us for a third time.

As the case is now presented there is no general motion for a new trial. Upon the validity or invalidity of the exceptions the plaintiff must win or lose.

EXCEPTION TO DIRECTED VERDICT.

At the third trial, at nisi prius, practically the same evidence and legal contentions were presented to the sitting Justice as had been before the court in the second trial, and which were considered in

*Guild* v. *Banking Company*, 124 Maine, 208, the controlling question being whether the check on which this suit was brought is based upon such a legal consideration as would sustain a verdict against the provisions of the statute of frauds.    In the latter opinion, without dissent, we held that such legal consideration did not exist.    In urging her contention that the case should again be submitted to a jury the plaintiff is practically asking this court to reverse its finding in its last opinion.    The exhaustive arguments of counsel upon the facts, and the long lists of authorities, upon which those arguments are based, have again been examined with great care.    To demand herein another full discussion of those arguments and authorities would be asking us to supererogate.    If convinced of error in our last opinion we would cheerfully correct the error, but we are not so convinced.

EXCEPTION AS TO EXCLUSION OF EVIDENCE.

When the plaintiff had rested her case in the second trial the defendant offered a written statement, signed and sworn to by the plaintiff after the death of Mr. Hill, but before this suit was commenced, in fact bearing date of March 5, 1921.    For convenience and brevity of expression we refer to this written statement as the affidavit.    In the second opinion this affidavit is referred to as "a full and frank statement of her relations with Mr. Hill which led to the giving of the check in question, and is so convincing of its truthfulness that we regard it as of controlling influence in the decision of this case.    This statement, like the proof of claim, is not admissible as evidence in behalf of Mrs. Guild of the facts therein stated; it is admissible in behalf of the defendant so far as its statements of facts controvert the contentions made in the plaintiff's behalf in the present case; the facts so stated must be considered in the light of admissions against interest."    In the same opinion, when the proof of claim was before the court, as well as the affidavit, and the probative value of the proof of claim was noted, the court observed: "It is not admissible as evidence in behalf of the facts therein stated; it is admissible in her behalf only to show that the claim in suit was properly presented; it is admissible as evidence against the plaintiff of any facts therein stated which militate against plaintiff's contention."    Thus, in clear and correct diction, the exact probative value of the affidavit was stated both substantially and comparatively.

At the third trial defendant, without objection, offered the same affidavit. Thereupon the plaintiff, claiming the right to testify in rebuttal, took the stand. Referring to the occasion when the check was signed and delivered, we take the following from the testimony offered in rebuttal by the plaintiff:

"Q. Will you tell what Mr. Hill said to you, and what you said to Mr. Hill?"

This question was objected to by the defendant, was excluded by the court, and the plaintiff excepted.

And later, in the same examination; "Now, will you state whether or not that affidavit contains all of the facts relating to the transactions covered by the affidavit?" To this question counsel for defendant objected, "on the ground that the question necessarily covers matters, either directly, or indirectly by implication, taking place prior to the death of Mr. Hill." The court overruled the objection to the extent of allowing the witness to answer categorically in the negative.

Then followed this question; "Now, will you state in what particulars there are certain facts not contained in this affidavit which are material to this transaction?" This question was excluded, but the plaintiff's counsel was allowed an exception and was also allowed to make a statement as to the purpose of the question. That statement was as follows: "I want it to go into the record that in asking the witness, Mrs. Guild, to state the facts which were not contained in the affidavit and which were material to the transaction, I expected to prove that, at the time of the giving of the check, Mr. Hill made the statement that 'here is this check for seventy-five thousand dollars as a part of what I agreed or promised to give you. You will cash it, and as soon as we are married, if you then wish to change it for securities, I will arrange to have you do so. I want you to give me your promise, however, that you will cash it.'"

In support of this exception counsel for plaintiff argued that the materiality of this statement, made by Mr. Hill after the delivery of the check, is apparent; that it clearly discloses that when the check was given Mr. Hill still understood that the engagement theretofore existing between him and Mrs. Guild was in existence and that he was still desirous of marriage. While admitting the familiar rule which disqualifies the living party from testifying in suits where the other party is an administrator or executor of the estate of a deceased person, the plaintiff still contends that when the

defendant offered the affidavit of the plaintiff, narrating in detail the relations existing between the plaintiff and the defendant's testate, it thereby removed the common law disability so far as a full recital of all the facts which the defendant had partially disclosed is concerned.

In support of her legal position the plaintiff cited *Cline* v. *Dexter*, 101 N. W., 246, a case decided by the Nebraska Court in 1904. This was an action by an administrator to recover from a bank the balance of a deposit claimed to be due from the bank to the plaintiff's intestate. The bank filed an answer admitting the possession of the deposit, disclaiming any right to it, but alleging that it was claimed by another. The claimant, thereupon, was permitted to intervene and the case proceeded as between the administrator and the intervener.

The administrator introduced in evidence a letter from the intervener to the widow of the plaintiff's intestate which recited the original transaction between the intervener and the plaintiff's intestate upon the strength of which the intervener claimed that the deposit belonged to him and not to the estate of the deceased. The intervener, thereupon, sought to testify in regard to the entire transaction, but his testimony was excluded by the court. The court, in reversing the judgment, said,

"The principle is general that, where a particular witness or a certain kind of testimony may be excluded, if the party who has the right to insist upon the exlcusion waives that right and himself calls the witness, or introduces the testimony, he cannot, after he has obtained what he desires, insist upon the exclusion so far at least as to prevent a full development of the matters which he has partially presented.

"The letter which was introduced by the administrator was a narrative of the transaction with the deceased by the adverse party, which was evidently offered by the administrator upon the theory that its contents were an admission against the interest of the person writing it, and that it would aid the administrator in maintaining his theory of the case. It was offered for the purpose of showing what the transaction actually was, and though it was not the oral testimony of the adverse party, it seems to us that, since it was his declaration and statement, and was offered as evidence for the purpose of showing the facts as to the transaction, the principle is the same as if he had been placed upon the witness stand by the administrator and had given testimony for the same purpose. Having offered evidence of the original transaction, the administrator cannot now say that the adverse party should not also testify to it. He cannot take the benefit of the

story of the transaction recited in the letter and at the same time refuse to give the adverse party the opportunity to testify in regard to the same matter."

We think the learned counsel for the plaintiff, who claims that this decision of the Nebraska Court is squarely in point, overlooked the clear distinction between the purpose, for which the testimony in that case was declared admissible, and the decision of this court as to the probative value of the affidavit now under consideration. In the Nebraska case the court says (supra) that the letter "was offered for the purpose of showing what the transaction actually was." We have declared, 124 Maine, 208, that the affidavit "is not admissible as evidence in behalf of Mrs. Guild of the facts therein stated; it is admissible in behalf of the defendant so far as its statements of facts controvert the contentions made in plaintiff's behalf in the present case; the facts so stated must be considered in the light of admissions against interest. The evidentiary value of this statement is of the same character as that of the proof of claim."

Moreover, the Nebraska statute, Code of Civil Procedure, Section 329, throws light upon the decison in *Cline* v. *Dexter*, supra. It is there provided; "no person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, . . . unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by . . . such witness, but shall not be permitted to further testify in regard to such transaction or conversation." These provisions of the Nebraska statute clearly differentiate themselves from those of our statute. Vide *Sherman* v. *Hall*, 89 Maine, 411.

Finally, for another reason we hold that the sitting Justice committed no error in excluding the testimony of Mrs. Guild. By examining the statement of counsel as to the purpose in offering that testimony it clearly appears that, if admitted, it could not change the result reached by this court upon the question of sufficiency of legal consideration as a basis upon which to hold a verdict in behalf the plaintiff. Therefore the plaintiff is not legally aggrieved by the exclusion of the proferred testimony.

*Exceptions overruled.*