AMERICAN SAVINGS BANK v. ESTATE OF R. B. HARRINGTON.

[FILED MAY 18, 1892.]

**Evidence:** STATEMENTS OF DECEDENTS. A note signed by a father and son was filed as a claim against the estate of the father. On the trial the son testified as a witness that his father was merely a surety on the note and that he was the principal; that the note had been extended from time to time without the knowledge or assent of his father. He was then asked if it was not a part of the agreement between himself and his father on one side and the bank on the other that the note was not to be paid when due but was to be extended from time to time for about one

year. This question was excluded. *Held*, Proper cross-examination under section 329 of the Code. The estate having shown a part of the transaction, the plaintiff is entitled to show the whole.

ERROR to the district court for Gage county. Tried below before APPELGET, J.

*A. H. Babcock*, and *J. E. Cobbey*, for plaintiff in error, cited, as to the admissibility of the testimony: *McElthinney v. Hendricks*, 48 N. W. Rep. [Ia.], 1056; *Kan. Mfg. Co. v. Wagoner*, 25 Neb., 442; *Stevenson v. Valentine*, 27 Id., 343.

*Geo. A. Murphy*, and *E. O. Kretsinger*, contra.

MAXWELL, CH. J.

In July, 1887, A. S. Harrington and R. B. Harrington borrowed a sum of money of the plaintiff and executed a note as follows:

"$2,200.        BEATRICE, July 20, 1887.

"Three months after date, we, or either of us, promise to pay to American Savings Bank, Beatrice, Nebraska, or order, twenty-two hundred & $\frac{00}{100}$ dollars, for value received, negotiable and payable at the American Savings Bank, Beatrice, Nebraska, with interest at the rate of ten per cent per annum from maturity until paid.

"Due 10–23.        A. S. HARRINGTON.

"No. 331.        R. B. HARRINGTON."

The note was not paid when it became due, although payments were made thereon. In August or September, 1889, R. B. Harrington died, and the note, less the payments, was filed as a claim against his estate. The claim was rejected by the county judge, and on appeal to the district court the judgment was affirmed. In the district court the plaintiff in error introduced the note in evidence and rested, whereupon the defendant called A. S. Harring-

ton as a witness, who testified in effect that he was the principal in procuring the loan, and that R. B. Harrington, his father, was merely surety on the note. He also testified that he had renewed the note a number .of times without the consent of the surety. He was then asked: "Is it not a fact that at the time that note was given it was agreed between you and your father on the one side and the bank on the other that the note was not to be paid when due but was to be extended from time to time for about one year?

"Objected to, as immaterial, irrelevant, incompetent, not the best evidence, and not proper cross-examination. Sustained. Exception noted.

"Plaintiff offers to prove by this witness that at the time the note sued upon was given it was agreed between the plaintiff (The American Savings Bank) and the witness and R. B. Harrington, now deceased, that the note was not to be paid at the time it matured but was to be extended from time to time as the witness now on the stand asked to have it extended.

"Objected to, as immaterial, irrelevant, incompetent, and not proper cross examination, and as improper for the reason that R. B. Harrington is now deceased and this is a claim against his estate and the witness has an interest in the result of this suit. Sustained."

Section 329 of the Code provides that "No person having any direct legal interest in the result of any civil action or proceedings, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation; in which case the person having such direct

legal interest may be examined in regard to the facts testified to by such deceased person, or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." We think this case comes within the exception. The son of R. B. Harrington was called on behalf of the estate to relieve it from liability. He was permitted to testify, he was the principal; that the time had been extended without the consent of the surety. This being the case, the holder of the note has the right to inquire as to the entire transaction. The son testified as to that part of the transaction which presumably was favorable to the estate, and the plaintiff is entitled to his full testimony on that point. The plaintiff introduced testimony tending to show that R. B. Harrington a month or two before his death recognized this as a valid claim against himself, and went to the bank to make arrangements in regard to the same, and that soon afterwards he went away for his health and died while absent from home. The questions proposed were proper cross-examination and the court erred in excluding them. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.