Parrish v. McNeal.

JOSEPH PARRISH ET AL. V. JAMES R. McNEAL.

FILED APRIL 26, 1893.  No. 4983.

1. **Witnesses:** COMPETENCY OF TESTIMONY CONCERNING TRANSACTIONS WITH DECEDENT. A person having a direct legal interest in the result of an action in which the adverse party is an administrator of a deceased person is not precluded by section 329 of the Code from testifying to a transaction between himself and such deceased person in case such administrator has first introduced a witness who has testified in regard to the same transaction.

2. ———: ———: EVIDENCE: WAIVER OF OBJECTION. When a person, who is precluded by the provisions of said section from testifying against the representative of a deceased person, is permitted, without objection, to testify to a conversation or transaction had with such deceased person, it is a waiver of the benefit of the statute.

3. **Verdict:** OMISSION OF ADMINISTRATOR'S NAME FROM TITLE OF CAUSE. *Held,* The verdict is sufficient, both in form and substance.

ERROR from the district court of Pawnee county.   Tried below before APPELGET, J.

*J. L. Edwards,* for plaintiffs in error.

*J. K. Goudy* and *W. W. Giffen, contra.*

NORVAL, J.

This action was brought by James R. McNeal against Joseph Parrish to recover for the alleged conversion of a mule.   The suit was commenced in justice court.   From a judgment in favor of the defendant plaintiff appealed to the district court, where, after the plaintiff had introduced his testimony in chief and a portion of the testimony for the defense had been received, on motion of the defendant, and over the objection of the plaintiff, the court permitted

G. J. Morton, administrator of the estate of Joseph B. Morton, deceased, to be made a party defendant. The jury returned a verdict for the plaintiff for the sum of $87.50, upon which judgment was rendered. Defendants bring the case to this court for review on error.

It appears from the bill of exceptions that on the 25th day of January, 1889, James R. McNeal gave a chattel mortgage upon the mule in dispute to Joseph B. Morton, to secure the payment of a promissory note for $60, due on the 25th day of January, 1890. Afterwards, but before the maturing of the note, the payee thereof, J. B. Morton, died. Subsequently, G. J. Morton was appointed administrator of his estate. The note and mortgage came into the hands of the administrator as a part of the assets of the estate, without any credits or other evidence of the same having been paid. The mortgage was placed in the hands of Parrish by the administrator, with instructions to take the property therein described, and sell the same. Plaintiff claims, and upon the trial he introduced evidence tending to show, that the note and mortgage had been paid to J. B. Morton in his lifetime; that the last payment was made in July or August, 1889, and that the note and mortgage were not delivered up, for the reason that the payee and mortgagee did not have them with him at the time the last payment was made. This evidence was contradicted by the defendants. It is unnecessary to give a detailed statement of the testimony. There was sufficient evidence given by disinterested witnesses, if believed by the jury, to justify them in finding that the mortgage debt had been fully paid before the property was seized.

It is urged that the trial court erred in permitting the plaintiff below, McNeal, to testify that he had paid the note in full to J. B. Morton. This testimony was objected to, at the time it was given, on the ground that the adverse party is a representative of a deceased person.

Under the provisions of section 329 of the Code a per-

son, having a direct legal interest in the result of a suit in which the adverse party is the representative of a deceased person, is precluded from testifying to any transaction or conversation had between himself and such ·deceased person, unless the evidence of the deceased person relating to such conversation or transaction ˙has been taken and read on the trial by the adverse party, or unless such representative has produced a witness who has testified in regard to such transaction or conversation. This case falls within the exception of the statute. The administrator introduced evidence on the trial to show that McNeal had never paid the note. He even proved statements made by his intestate, in his lifetime, after the date of the alleged payment and not in the hearing of the plaintiff, that the note was unpaid. It was not until after such evidence had been received that the plaintiff was allowed to give the testimony complained of. It related to the identical transaction had with the deceased, which the witnesses for the administrator had testified in regard to, and was therefore competent.

The next error relied upon for a reversal is the permitting of the witness Ben Hur, who was a surety on the appeal bond given by the plaintiff in the justice court, to testify as to a conversation had by the witness with J. B. Morton, relating to plaintiff's indebtedness to him. A sufficient answer to this contention is that no objection was made in the trial court to the competency of the witness. The protection of the statute was therefore waived. (*Bartlett v. Bartlett*, 15 Neb., 593.)

Objection was made to the form of the verdict. It reads as follows:

" STATE OF NEBRASKA, } ss. November term, A.D. 1890,
    PAWNEE COUNTY.           to-wit: November 15, 1890.

" JAMES R. McNEAL, PLAINTIFF, }
                v.
    JOSEPH PARRISH, DEFENDANT. }

"We, the jury in this case, being duly sworn, do find

for the plaintiff, and assess the amount of his recovery at $87.10.                    J. W. Hoig,
                                        "*Foreman.*"

The only criticism upon the verdict, urged by counsel, relates to the title of the cause. No such objection was called to the attention of the court at the time the verdict was returned into court. Had it been, the defect, if any, doubtless would have been corrected before the jury were discharged. The title of the cause was not changed by permitting the administrator to appear and defend. The verdict was returned and filed in the proper action, and the title was sufficient to identify the verdict with the case. The omission of the name of the administrator as a defendant from the title was not such a defect as to prevent the entry of a judgment on the verdict. (*Morrissey v. Schindler*, 18 Neb., 672.)

Finding no error in the record, the judgment of the court below is

                                        AFFIRMED.

THE other judges concur.