CHARLES A. CLINE V. S. H. DEXTER, ADMINISTRATOR.

FILED NOVEMBER 2, 1904.   No. 13,451.

Witness: COMPETENCY. Where an administrator introduces in evidence a letter from the adverse party giving a narrative of the transaction with the deceased party upon which the action is based, the evidence of the adverse party as to the transaction recited in the letter upon his own behalf is not incompetent under the provisions of section 329 of the code, and it is error to exclude the same.

ERROR to the district court for Merrick county: JAMES A. GRIMISON, JUDGE. *Reversed.*

*John C. Martin,* for plaintiff in error.

*W. T. Thompson, contra.*

LETTON, C.

This action was brought by the administrator of the estate of Samuel Cline, deceased, to recover from the Merrick County Bank the balance of a deposit due from said bank to Samuel Cline at the time of his death. The Merrick County Bank answered, disclaiming any interest in the money on deposit except as a depository, brought into court the amount of the deposit, and alleged that the same is claimed both by the estate of Samuel Cline, deceased, and by Purington & Cline, a copartnership. Purington & Cline intervened, averring that they were a partnership engaged in the live stock commission business at South Omaha, Nebraska; that, from the 26th day of February, 1902, until his death, Samuel Cline was their agent for the purpose of purchasing and shipping stock for them at Clarks, Merrick county, Nebraska; that for the convenience of their customers they placed certain money with the Merrick County Bank from time to time during said agency, subject to the order of Samuel Cline, for the purpose of purchasing and shipping stock for them, and for

no other purpose; that, on the 4th day of May, 1902, when Samuel Cline died, there was on deposit in said county $262.68 of their funds, and they pray judgment for that sum, and that the money tendered to be paid to them. A general denial was filed to these allegations. Afterwards, Charles A. Cline was substituted as defendant for Purington & Cline. Trial was had to the court, without the intervention of a jury, and the court found that the funds are the personal property of the estate of Samuel Cline, deceased, and adjudged the payment of the same to the administrator. From this judgment Charles A. Cline prosecutes error to this court.

A number of assignments of error have been made, but, since a new trial will be required, it is unnecessary to consider more than one or two of them. It is conceded by plaintiff in error that, since the deposit register of the bank and the passbook of Samuel Cline both show this account to have been carried in the name of Samuel Cline, this is sufficient, in the absence of other proof, to establish *prima facie* a liability of the bank to Samuel Cline, which passed to the estate as an asset. But he contends that such *prima facie* case is founded solely upon a legal presumption, which can be overcome by sufficient competent proof as to the true character of the deposit. With this view of the law of the case we are agreed, and, when sufficient competent proof has been offered by him to overcome the presumption and show that the money was the money of Purington & Cline to the satisfaction of a court or jury, he has made his case.

It is assigned as error that the court erred in not permitting the plaintiff in error to show that the plaintiff in the court below was not the real party in interest. The offer was to show that the widow, as one of the heirs at law, together with the administrator and the guardian of the minor heirs, had made an arrangement with a bank to carry on this litigation in the name of the administrator, and that, if recovery was had by the administrator, the proceeds would be set aside to the widow as her allowance,

and then by her given to said bank to apply upon a debt of her husband. It will be observed that the agreement offered to be shown required the participation of an administrator and a guardian, both of which officers were incompetent to enter into any such agreement; that it further required an order to be made by a county court, setting aside the money to the widow as her allowance, before it could be carried into effect. All this was to be done in the future. The evidence offered was of an illegal agreement, was not competent and would not have proved that the plaintiff was not the real party in interest.

The next error assigned is that the court erred in not allowing the plaintiff in error to testify as to the verbal contract with Samuel Cline under which he received the money. Evidence along this line was excluded by the court under the provisions of section 329 of the code. Plaintiff in error contends, however, that, because the administrator introduced in evidence a letter from Charles A. Cline to the widow of Samuel Cline reciting the original transaction between Samuel Cline and Purington & Cline, he was entitled to give his version of the transaction recited in the letter, upon the theory that, the administrator having offered evidence in regard to the original transaction, the plaintiff in error was also entitled to testify in regard to the transaction. The statutory rule is that where the representative of a deceased party introduces a witness who shall have testified in regard to the transaction with the deceased, the adverse party may also be examined upon the same point. In *Niccolls v. Esterly,* 16 Kan. 32, it was held that, while a party may not testify in his own behalf to a transaction had personally by him with the deceased partner, yet, if he is called by such adverse party to testify as to a part of any such transaction, he may in his own behalf testify as to the whole of such transaction. The burden of proof under the pleadings in that case was upon the defendant. He called as his witness the plaintiff, Esterly, who testified with regard to the transaction with the deceased person. The plaintiff

afterwards testified in his own behalf in reference to the same transactions as to which he had testified at the instance of the defendant. The court say:

"While, if the defendant had so chosen, none of this testimony could have been admitted, yet, having interrogated the plaintiff concerning these matters, and having obtained some of the facts concerning them, he could not thereafter object to the plaintiff's giving all the facts. By introducing part, he opens the door to all. Just as a party may not introduce his own statements in his own behalf, yet if his adversary draws out part of a conversation he may introduce the balance. The principle is general, that where a particular witness, or a certain kind of testimony, may be excluded, if the party who has the right to insist upon the exclusion waives that right, and himself calls the witness, or introduces the testimony, he cannot, after he has obtained what he desires, insist upon the exclusion, so far at least as to prevent a full development of the matters which he has partially presented." This case is cited and followed in *Roberts v. Briscoe,* 44 Ohio St. 596, the Ohio court saying:

"The adverse and surviving party, when compelled to testify by the executor or administrator, cannot reasonably complain; for, though a party, he can then be examined fully in his own behalf on the subject of his examination in chief." To this effect also is *Taylor v. Ainsworth,* 49 Neb. 696.

While we think the rule is clear that, where the adverse party is called by the administrator to testify as to the transaction with the deceased, he is entitled to testify in his own behalf as to the same transaction, yet, the question here presented is somewhat different. The letter which was introduced by the administrator was a narrative of the transaction with the deceased by the adverse party, which was evidently offered by the administrator upon the theory that its contents were an admission against the interest of the person writing it, and that it would aid the administrator in maintaining his theory of the case. It was

offered for the purpose of showing what the transaction actually was, and, though it was not the oral testimony of the adverse party, it seems to us that, since it was his declarations and statements, and was offered as evidence for the purpose of showing the facts as to the transaction, the principle is the same as if he had been placed upon the witness stand by the administrator and had given his testimony for the same purpose. Having offered evidence of the original transaction, the administrator cannot now say that the adverse party should not also testify to it. He cannot take the benefit of the story of the transaction recited in the letter and, at the same time, refuse to give the adverse party the opportunity to testify in regard to the same matter. *Taylor v. Ainsworth, supra; American Savings Bank v. Estate of Harrington*, 34 Neb. 597; *Parrish v. McNeal*, 36 Neb. 727.

We are of the opinion that the evidence offered should have been received, and that its rejection was prejudicial error; and we recommend that the judgment be reversed and the cause remanded for further proceedings.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded ' for further proceedings.

REVERSED.