R. H. BENTLEY V. ESTATE OF MARY A. BENTLEY.

FILED DECEMBER 7, 1904.　No. 13,656.

1. **Deposition:** CROSS-EXAMINATION: WITNESS: COMPETENCY. Where the testimony of a person having a direct legal interest in the result of an action where the adverse party is a representative of a deceased person is taken by deposition, and his testimony as to transactions with the deceased is objected to upon that ground, the adverse party may cross-examine. By so doing he does not waive his objections to the competency of the witness, but may urge the same at the trial. If the evidence in chief is admitted at the trial the cross-examination should also be

admitted; but, if the evidence in chief is excluded upon the objections of defendant as to competency, the cross-examination should also be excluded upon the defendant's objection, and the plaintiff is not entitled to use it to establish his case.

2. **Married Woman**: Action: Evidence. In an action on account against a married woman, where the defendant pleads coverture, and the plaintiff in making his case discloses such fact to exist, he must prove, in order to recover, that the transaction upon which his action is based was had with reference to or with intent to bind her separate property, estate or business.

Error to the district court for Lancaster county: Lincoln Frost, Judge. *Affirmed.*

*Talbot & Allen,* for plaintiff in error.

*Stewart & Munger, contra.*

Letton, C.

This is an error proceeding from the district court for Lancaster county disallowing plaintiff in error's claim against the estate of Mary A. Bentley, deceased. The claim was disallowed in the probate court, and upon appeal to the district court it was tried without a jury, and the plaintiff in error's cause of action dismissed. Mary A. Bentley died in May, 1901. In November, 1901, R. H. Bentley, plaintiff in error, filed a claim against her estate for $220 and interest. To establish the claim his deposition was taken before a notary public. Objection was made to his testimony upon direct examination on the ground that he was incompetent under section 329 of the code, the adverse party being the representative of a deceased person. At the conclusion of the direct examination, counsel for the defendant cross-examined the witness. Plaintiff in error contends that, though the court probably disregarded the testimony given by the plaintiff upon his direct examination, still it had no right to disregard his testimony given upon cross-examination, for the reason that by cross-examining the witness the defendant waived objections to the incompetency of the witness by reason

of his having a direct legal interest in the result of the controversy. At the trial the testimony given by the plaintiff in his examination in chief was admitted by the court over the objection of the defendant. The defendant objected to the admission of the cross-examination for the same reasons, the objection was overruled and the testimony admitted.

The claim consisted of a number of separate items of account, and there is no evidence except that of the plaintiff to show that these items were ever received and promised to be paid for by deceased. This court has repeatedly held that, upon the trial of an action at law to a court without the intervention of a jury, the court will be presumed to have considered only competent evidence, and that, if there is sufficient competent evidence to sustain the finding, it will not be disturbed. The district court evidently having this rule in mind overruled all objections, heard the testimony, and then disregarded all that was incompetent and all to which the witness was incompetent to testify. It is obvious that the plaintiff was entirely disqualified to testify with regard to his transaction with the deceased, and that all of his evidence as to this was clearly incompetent. The trial court would have erred if it had considered any of it, and it was rightly disregarded.

The argument of plaintiff in error that the defendant, by cross-examining the plaintiff, waived the objections to his incompetency, while perhaps available under certain circumstances in a case where the witness testified in open court, and the objections to his testimony in chief were ruled upon by a court having power to exclude or admit the same—which we do not decide—is not applicable where the testimony is taken by deposition, for the reason that the notary has no power to exclude testimony, but must receive all that is offered, noting the objections and exceptions of the parties, to be ruled upon at the trial. The only safe manner in which a defendant can proceed in such a case is to make his objection to each question on

the direct examination, and to cross-examine upon the theory that the direct examination may be admitted by the trial court. If the direct examination, however, is excluded at the trial upon his objections upon the ground that the witness is incompetent, the cross-examination falls with it for the same reason, if objected to, and the plaintiff is not entitled to use it independently. A different rule would be decidedly unfair, since a party might fail to cross-examine because he believed the trial court would exclude the examination in chief, while, if the trial court admitted it in evidence, he would be deprived of the benefit of cross-examination entirely. *Achilles v. Achilles*, 137 Ill. 589, 28 N. E. 45.

The defendant pleaded the coverture of Mary A. Bentley. The fact that she was a married woman at the time of the transaction was disclosed by the plaintiff, and no proof was made that the transaction was made with reference to her separate property, estate or business. This omission in itself was fatal to a recovery.

Considering only the competent evidence, there is not sufficient upon which to base a finding in favor of the plaintiff, and the judgment of the district court was the only one that could rightfully be rendered.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.