IN RE ESTATE OF JOHN B. PETERSON.
MARY OLSON, APPELLEE, v. BERNARD A. PETERSON, ADMINISTRATOR, APPELLANT.

FILED MAY 15, 1920. No. 20944.

1. **Executors and Administrators: CLAIMS: PLEA OF PAYMENT: BURDEN OF PROOF.** Where an administrator pleads that a claim against the estate was paid in full during the life of decedent, the burden is on him to prove that defense.

2. **Witnesses: PRIVILEGED COMMUNICATIONS.** Where an administrator, in making the defense that decedent had paid a claim, introduces in evidence a receipt, and adduces proof of the circumstances under which the receipt was given, and of the decedent's oral statement that the claim had been paid in full, testimony by claimant on the same subjects does not violate the statutory rule that no person having a direct legal interest in the result of any civil action, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction between the deceased person and the witness. Rev. St. 1913, sec. 7894.

APPEAL from the district court for Kearney county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*Lewis C. Paulson,* for appellant.

*M. D. King* and *F. L. Carrico,* contra.

ROSE, J.

This controversy grew out of a claim filed in the county court of Kearney county by Mary Olson against the estate of her deceased brother, John B. Peterson, for her services as his housekeeper at $30 a month from June, 1906, until January, 1909, and from August, 1911, until August, 1914. Her claim includes an item of $60 for traveling expenses between her home in Worthington, Minnesota, and her brother's home on his farm near Hildreth, Nebraska, where her services were performed. Her entire claim amounts to $1,950, and there is a credit of $485, leaving a balance of $1,465, with interest. She was allowed $570 by the county court, but there was a verdict in her favor for $1,775 upon an appeal to the district court. From a judgment for that sum, Bernard A. Peterson, administrator of the estate of John B. Peterson, deceased, has appealed to this court.

It is argued that the court erred in admitting evidence in violation of the statutory rule that no person having a direct legal interest in the result of any civil action, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction between the deceased person and the witness. Rev. St. 1913, sec. 7894.

The administrator admitted the employment and the performance of the services, but pleaded payment in full during the life of decedent. Under the plea of payment the administrator properly assumed the burden of proof on that issue. *Tootle v. Maben,* 21 Neb. 617. To prove payment as pleaded, the administrator, in making his defense in chief, introduced a receipt for $100 paid by John B. Peterson to claimant August 17, 1914. The

receipt contained the statement that this was the last of the payments to claimant in full for all her work done for her brother on his farm in Kearney county. The proofs on the affirmative of this issue, however, were not confined to the execution and the delivery of the receipt and to the writing itself, but included oral testimony relating to the circumstances under which the receipt was given and to its importing payment in full as understood by the brother of claimant. One witness called by the administrator testified that John B. Peterson brought the receipt home and put it in his trunk, saying he had paid claimant in full. This gave claimant the opportunity to testify to the real nature of the receipt and to the circumstances under which it was given, without violating the statute. *Cline v. Dexter*, 72 Neb. 619; *Russell v. Estate of Close*, 83 Neb. 232; *In re Estate of Enyart*, 100 Neb. 337. Claimant could neither read nor write the English language. She had signed the receipt by mark. She was properly permitted to testify that the receipt was not drawn in her presence, that it was not drawn by her brother, that it was not read to her, that she did not know its contents, that the money received was not payment in full but only a partial payment, that her brother had made the payment with the understanding that the balance due her was to be paid later. The verdict of the jury is supported by the testimony adduced in claimant's behalf. On the record presented, no part of her claim is barred by the statute of limitation. With the law and the facts thus determined, there is no error in the record.

AFFIRMED.

FLANSBURG, J., not sitting.