Anderson v. Walsh.

ANNA L. ANDERSON, APPELLANT, V. JAMES L. WALSH
ET AL., APPELLEES.

FILED FEBRUARY 27, 1923.  No. 22269.

1. **Mortgages:** FORECLOSURE: DEFICIENCY JUDGMENT: FINDINGS. Findings of fact in a decree of foreclosure, showing defendants personally liable for any deficiency that may remain after sale of mortgaged premises, relate only to facts then existing, and do not operate to preclude defendants from setting up, as a defense to an application for deficiency judgment, facts arising after entry of decree.

2. ———: ———: ———: INADEQUACY OF PRICE: CONSIDERATION FOR WAIVER OF DEFICIENCY. Inadequacy of price of land sold at judicial sale may not, after confirmation, be urged as a defense to a deficiency judgment, but it may, before confirmation, afford a basis for a contract between the parties to the action, wherein one waives the right to file objections to confirmation of sale in consideration of the other party relinquishing the right to apply for a deficiency judgment.

3. **Appeal:** OBJECTIONS TO EVIDENCE. It is incumbent on one, not wishing to be bound by evidence made incompetent by statute, to make timely objection when it is offered. It is too late to raise the objection for the first time in the appellate court.

APPEAL from the district court for Wheeler county: EDWIN P. CLEMENTS, JUDGE. *Affirmed.*

*G. N. Anderson* and *John C. Martin,* for appellant.

*Vail & Flory, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY and GOOD, JJ., TROUP, District Judge.

GOOD, J.

Plaintiff has appealed from a decree dismissing her application for a deficiency judgment, after a judicial sale and confirmation thereof in a foreclosure action.

Plaintiff brought action against James L. Walsh, his wife, Mary E., Frank M. Gross, and his wife, Bessie A., to foreclose two mortgages which had been executed by Walsh and wife. After the execution of the mortgages, Walsh and wife conveyed the mortgaged premises by

Anderson v. Walsh.

warranty deed to Frank M. Gross.. Plaintiff in her petition alleged that in the warranty deed, as a part of the consideration for the land, Frank M. and Bessie A. Gross assumed and agreed to pay the debts secured· by the mortgages. In the prayer of her petition plaintiff asked that all of the defendants be adjudged to pay any deficiency which might remain after applying proceeds of sale to the payment of the debts secured by the mortgages. Summons was personally served on all of the defendants, but none of them made appearance in the original action. Default decree was entered in favor of the plaintiff, which, among other things, contained a finding that Walsh and wife conveyed the lands to Frank M. and Bessie A. Gross, subject to the said mortgages which they assumed and agreed to pay, as alleged. The decree further provided: "And in case said premises do not sell for sufficient to pay the debts and costs, a deficiency judgment be given for the amounts." Thereafter an order of sale was issued and the premises were sold by the sheriff to the plaintiff for the sum of $750, and, after applying the proceeds of the sale to the payment of costs and amount found due, there remained a deficiency of $1,097.06. Plaintiff filed motion for confirmation of sale and for deficiency judgment. When this motion was called up in court, counsel for defendant Gross stated that he had no objection to the confirmation of sale provided no deficiency judgment was asked. The court then entered an order confirming the sale, and gave defendants time to make objections to the application for a deficiency judgment. The defendants' Gross and wife filed objections, in which they alleged that, after the sale and before confirmation thereof, they had entered into an agreement with the plaintiff by the terms of which they agreed not to make objection to the confirmation of sale, upon the condition and agreement of the plaintiff that she would not ask for a deficiency judgment in the case, and, relying on said agreement, did not file objections to a confirmation,

though the premises sold for an inadequate price. Plaintiff filed reply, in which she admitted the purchase of the land at judicial sale and that an agreement had been entered into, but that the terms of the oral agreement were entirely different from those contended for by the defendants Gross, and alleged that the right of plaintiff to a deficiency judgment had been adjudicated in the original decree, and that the order confirming the sale without objection estopped the defendants from claiming any defense to the motion, and prayer for deficiency judgment.

On a trial of the issues thus presented, the district court found that, subsequent to the sheriff's sale, an agreement was entered into between plaintiff and defendants, to the effect that defendants would refrain from filing any objections to the confirmation of said sale in consideration of plaintiff waiving and relinquishing her right to ask for a deficiency judgment in said case against defendants; that defendants relied on said agreement and did not file objections to confirmation of sale; that plaintiff purchased the land at sheriff's sale for $750, and that the land was at the time reasonably worth $1,600. The court sustained the objections and denied plaintiff a deficiency judgment.

1. The first legal proposition advanced by plaintiff for a reversal is that the decree in the foreclosure case is a final determination; that all of the defendants are liable for any deficiency remaining after applying the proceeds of the land on the amount found due to plaintiff in that decree, and that it is not subject to review on objections to a deficiency judgment. She cites, in support of her contention, *Parratt v. Hartsuff*, 75 Neb. 706; *Patrick v. National Bank of Commerce*, 63 Neb. 200; *Devries v. Squire*, 55 Neb. 438; *Stover v. Tompkins*, 34 Neb. 465; *Dodge v. Healey*, 103 Neb. 180.

We think none of the cases cited goes further than to hold that: "Where, in a petition filed to obtain the foreclosure of a mortgage, facts are alleged showing a

personal liability on the part of the defendants for the payment of the debt, and judgment for deficiency is asked against them, and where the court, in its decree, finds that they are personally liable for the payment of any deficiency that may exist after a sale of the mort-gaged premises, they cannot, while such decree remains in force and unmodified, be permitted, when judgment for deficiency is sought, to set up facts which existed when the original decree was obtained, to show that they are not·liable." *Patrick v. National Bank of Commerce, supra.*

In the instant case, the matters that are set up to defeat a deficiency judgment are not matters that existed at the time of the entry of, the decree, but arose by virtue of an agreement that was made after the sale and before confirmation. Findings of facts in a decree of foreclosure, showing defendants personally liable for any deficiency, relate only to the facts then existing, and do not operate to preclude defendants from setting up, as a defense, facts arising after entry of decree.

2. It is claimed that the order confirming the sale was a final determination that the land sold for a fair price, and that inadequacy of price could not be raised · as an objection to a deficiency judgment. The prop-osition may ·be conceded to be sound, but it does not follow that inadequacy of price would not have been a good ground for objecting to confirmation of sale, or that it would not afford a good basis for a contract between the parties by which one waived the right to make valid objection to a confirmation, in consideration of the other party relinquishing the right to apply for a deficiency judgment.

3. It is urged that the agreement, being in parol and being made on behalf of plaintiff by her attorney, is in conflict with section 266, Comp. St. 1922, and not enforceable. Said section, so far as applicable, provides: "An attorney or a counselor has power * * * to bind

Anderson v. Walsh.

his client by his agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable, except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court." It will be observed that the portion of the statute quoted does not make an oral contract invalid, but only relates to the character of evidence by which it may be established. All the evidence on the question was received in the district court without objection, and the attorney for plaintiff also testified concerning it, though his testimony did not coincide with that produced for defendants. Had plaintiff made timely objection, the evidence might have been excluded, but, in failing to object, she waived her right to have the contract established by only such evidence as the statute makes competent.

It is incumbent on one, not wishing to be bound by evidence made incompetent by statute, to make timely objection when it is offered. It is too late to raise the objection for the first time in the appellate court.

Plaintiff insists that in any event she was entitled to have judgment entered against James L. and Mary E. Walsh, because they made no objections to the application for a deficiency judgment and were not parties to the agreement between her and Gross. It will be observed that the agreement with Gross was not to relinquish her right as against the Grosses alone, but generally to relinquish her right to a deficiency judgment. The effect of the agreement was that plaintiff should take the land in satisfaction of her decree. The district court did not err in denying plaintiff a deficiency judgment as against any of the defendants.

                                        AFFIRMED.