NATIONAL COOPERATIVE HAIL ASSOCIATION, APPELLANT, V. DORAN BROTHERS ET AL., APPELLEES.

FILED OCTOBER 23, 1931. NO. 27872.

*Bernard Stone,* for appellant.

*William P. Nolan, contra.*

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

PER CURIAM.

This was an action brought to recover upon a note in the sum of $130.20. The defendant filed an answer admitting that they owed the plaintiff $117.20, and by way of counterclaim alleged that they were entitled to recover the sum of $420 upon a hail insurance contract issued by the plaintiff. The trial court entered a default judgment in favor of defendant and against the plaintiff in the sum of $327.80. A motion for new trial was filed on the ground that there were irregularities in the proceedings of the court and a violation by the prevailing party of an agreement with the plaintiff for a continuance. The motion for a new trial was overruled and the plaintiff appeals.

The facts as shown by the bill of exceptions show that there were negotiations pending between the attorney for defendant and the attorney for the plaintiff which had for their purpose a settlement of the controversy. While these negotiations were pending, the case was set for trial. However, the parties agreed that the cause would be continued for various reasons. Subsequent to this agreement, the attorney for defendants on the day set for trial proceeded to take a default judgment against the plaintiff. The facts are not disputed as there is no counter showing to the affidavits filed by the plaintiff. While it is generally true that courts will not enforce the agreements of attorneys or parties made out of court in regard to the trial or postponement of the trial of a cause, nevertheless one party to such an agreement ought not to be permitted to benefit by the violation of it; especially is this true in the case at bar, where it is undisputed that the agreement existed for a continuance. The defendants in this case and their attorney were present in court on the day set, with their witnesses, ready to go to trial. It was brought to the attention of the attorney for the plaintiff, whose office is more than 15 miles away, and he tried to get in touch with the trial judge by telephone, but was informed he was already taking evidence in this case. He left word with the clerk of the court that he was on his way to the court, but upon arrival at 10:40 a.. m. he found that a de-

fault judgment had been entered against him and that the court had adjourned and the trial judge had left the county seat.

The appellees rely upon section 20-1148, Comp. St. 1929, which provides that applications for a continuance should be made by a written motion, filed in the proceedings, setting forth the reasons. However, there are situations which may arise in the trial of a cause, such as in the instant case where the parties have agreed to a continuance, although subject to the approval of the court, where the court ought to grant some consideration to the situation of the parties. It appeals to this court as unconscionable that an attorney should make an agreement to continue a case from a certain day and then be permitted to appear in court and take a default against his adversary. The defendants are bound by the agreement of their attorney. *Anderson v. Walsh*, 109 Neb. 759.

In this case, there is the additional circumstance that, while this case was being tried, the attorney for the plaintiff was on his way to court. While it appears from the record that the trial court was justified in proceeding with the trial of the case, because no application for a continuance had been filed, nevertheless, when this matter was presented upon the motion for new trial and it was established that the parties had agreed to a continuance and one party relying upon it had been overreached by the other, overruling the motion for a new trial was an abuse of that sound legal discretion mentioned in section 20-1148, Comp. St. 1929.

The judgment of the district court is reversed and the cause remanded for new trial.

REVERSED.