BANKING HOUSE OF F. FOLDA, APPELLANT, V. J. M. HIGGINS, APPELLEE.

FILED JANUARY 13, 1932. No. 27946.

*J. A. Donohoe,* for appellant.

*J. J. Harrington, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

PAINE, J.

This is an action upon a promissory note of $575, which was tried to a jury. There was a very sharp conflict in the evidence, and finally a verdict was returned in favor of the defendant and signed by ten of the jurors.

Plaintiff and appellant, a state banking corporation, of Schuyler, Colfax county, brought suit against the defend-

ant and appellee in Holt county, Nebraska, upon a promissory note reading as follows:

"Schuyler, Nebraska, Nov. 18, 1926.                    $575.00

"Ten days after date, for value received, I, we, or either of us, promise to pay to the order of W. J. Higgins Five Hundred and Seventy Five Dollars. Payable at Schuyler, Nebraska, with interest at the rate of 10 per cent. per annum, payable annually from date until due, and ten per cent. after maturity until paid. The makers, sureties and indorsers of this note hereby waive presentment for payment, notice of nonpayment, protest and notice of protest of this note and each of us hereby charge our own separate estate for the payment of this note.

"For Hay          Dumas, Nebr.          J. M. Higgins."

Said note being indorsed on the back with the words, "Wm. J. Higgins." The original of said note appears on page 65 of the bill of exceptions. The words "For Hay" appear to be in the same handwriting as the body of the note, but not in the same handwriting as the signature of the maker of the note. The words "Dumas, Nebr.," are in lead pencil, and appear to be in another handwriting.

The appellee filed his answer, admitting the execution and delivery of the promissory note, and admitting that he had paid nothing upon said note. And, as a defense, the appellee alleges that there was no consideration given for the note; that the circumstances under which it was given were these: That, on the date of the note, the payee, W. J. Higgins, a distant cousin, came to the ranch home of the appellee, stated that he was hard up and needed $575 for a week or ten days, and that if the appellee would give him an accommodation note for that amount he would never have to pay the note or any part thereof, and that payee would guarantee to return the note within a short time; that, relying upon such statements and representations, appellee executed and delivered the note sued upon. Appellee alleges that, some time after the note was past due, he saw the note in the possession of W. J. Higgins, to whom it was given, and that at that time it had not been indorsed

by him to the appellant or any one else, and that the appellant is not an innocent purchaser for value before maturity in due course of business, and that there is nothing due to the appellant upon said note. The note was given on November 18, 1926, and the payee of the note came back to the ranch in Garfield county in January, 1927, bringing the note with him, for the purpose of getting some security on the note. The reply was a general denial. Appellant conceded at the opening of the trial that the burden of proof was upon the appellee, who was given the opening and closing.

Upon a question by the court, the appellee made answer as follows: "Golly, there isn't much to say besides what has been said; he told my wife if I would give him collateral on his note, a few things that was not already mortgaged to Mr. Folda, my horses, harness, saddle and a few hogs, if I would give him collateral on this note that he could realize some money on it; he could take it back to the bank and borrow on it, and that say in the course of ten days or two weeks, or such a matter, he would return the note; that I would be helping him that much. Which I generally refused to do." The Court: "That last remark, which I generally refused to do, may be stricken out and the jury will disregard it."

Hildred Higgins, the wife of the appellee, testified that she was at the ranch house, which was in Garfield county, Nebraska, in January of 1927, and related the conversation between herself and the payee, and that there was no consideration whatever given for the note originally, but it was just an accommodation that the payee might borrow money on, and to be returned in a very short time.

J. Folda, of the appellant bank, testified that the note sued upon was one of several notes turned over to the bank on April 13, 1927, as additional collateral security for an older note, which was then renewed, in the sum of $8,363.54, given by W. J. Higgins, and that the bank advanced an additional sum of $400 by reason of securing the note in suit as additional security.

The appellant's counsel presents as a ground for reversal that the court, over his objections, allowed the appellee to testify to a conversation with the deceased payee of the note, W. J. Higgins. Section 20-1202, Comp. St. 1929, in regard to conversations with deceased persons, forbids evidence of conversations between the deceased person and the interested witness. The appellee first seeks to avoid the force of the statute by giving the conversation that occurred between his wife and the deceased, W. J. Higgins. We have quoted in this opinion an important answer made in such testimony, from which it appears that the wife actually took a leading part in finding out why W. J. Higgins wished to get the note signed by her husband, and the reading of her testimony shows that she was very much interested in her husband's signing this note, and the reasons for it.

It has been held by this court that, where the transaction was not between the witness and the deceased person, but between the latter and a third party, in which the witness took no part, then it is admissible. *Kroh v. Heins*, 48 Neb. 691. In *DeWulf v. DeWulf*, 104 Neb. 105, two young girls, who heard a conversation between the deceased and their mother, were allowed to testify to it, as they took no part in the conversation. See *Hajek v. Hajek*, 108 Neb. 503. The appellee, however, went into the very same transaction, and introduced letters to prove that, instead of the note being an accommodation note, without consideration, it was given in payment for hay. And, further, near the close of appellant's evidence, the court allowed it to amend its petition by striking out paragraph 3, reading as follows: "That in the due course of business, and for a good and valuable consideration to him in hand paid by the plaintiff, Banking House of F. Folda, the said W. J. Higgins duly assigned, indorsed, transferred and delivered said note to the plaintiff herein by the name of Wm. J. Higgins and that the plaintiff is now the owner and holder thereof," and inserting therefor a longer paragraph, in which he set out statement from the correspondence between appel-

lant and appellee's attorney, M. F. Harrington, reading: "Now he has given a note * * * to W. J. Higgins for a certain interest in hay," and many others in reference thereto. And these facts, we think, bring the case clearly within the holding in *Warnick v. Warnick*, 107 Neb. 747, in which this court held: "Where a witness, having a legal interest in the result of an action, and therefore incompetent under section 7894, Rev. St. 1913, testifies to a conversation or transaction with a deceased person, and the adverse party, the representative of such deceased person, thereafter introduced in evidence documents relating to the same transaction, concerning which such witness testified, *held*, that, although the testimony of said witness may have been incompetent when received, it was made competent through the action of the representative of the deceased in introducing such documentary evidence." And in *Cline v. Dexter*, 72 Neb. 619, it was held that, after letters were introduced on behalf of the deceased, it was error to exclude testimony in reference to the transaction by the adverse party. We do not find reversible error in the exclusion of certain letters and other rulings made by the trial court.

Instruction No. 4, given by the court, reads as follows: "Gentlemen, under the law and the evidence there is for your determination only the question of whether or not the note in suit was given for hay, or as an accommodation note. You will return a verdict for the plaintiff for $805 unless the defendant has proved by a preponderance of the evidence that the note sued upon was given without consideration and as an accommodation."

While this court might not have arrived at the same conclusion that ten members of the jury did, because of the statements in M. F. Harrington's letter, whether the same were authorized or not, yet the trial court limited the case to the determination of a single question of fact, and we will not disturb the finding of the jury thereon. The judgment of the lower court is hereby

AFFIRMED.