EARL F. TRIPLETT, APPELLEE, V. WESTERN PUBLIC SERVICE COMPANY: HENNINGSON ENGINEERING COMPANY, APPELLANT.

FILED NOVEMBER 8, 1935. No. 29221.

*Kennedy, Holland & De Lacy, Evans & Doyle* and *Ralph E. Svoboda,* for appellant.

*Hamer & Tye, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is an action to recover damages caused by a prairie fire which burned over a large tract of hay land owned by Earl F. Triplett, plaintiff, in Thomas county. The Western Public Service Company and the Henningson Engineering Company were defendants. In the petition it was alleged that on March 9, 1930, the latter, as employee of the former, was engaged in constructing a pole and wire line to conduct electric current from Seneca to Dunning and that employees of the engineering company negligently threw burning matches and cigarettes in dry grass and thus started the fire. General denials were among the defenses

pleaded. The action was dismissed as to the Western Public Service Company, defendant. Upon a trial of the cause the jury rendered, in favor of plaintiff, a verdict for $807.34. From a judgment thereon the Henningson Engineering Company, the other defendant, appealed.

On appeal the record was reviewed and the judgment was affirmed for the reasons stated in an opinion reported in *Triplett v. Western Public Service Co.*, 128 Neb. 835. On motion for a rehearing a second argument was requested by the court and the appeal was again taken under advisement after elaborate rearguments on both sides.

A ruling of the trial court in admitting testimony calls for reconsideration. The cause of the fire was a vital issue. In the course of the trial below, John Crawford, a ranchman, was a witness who testified to a conversation between himself and F. C. Rasmussen, construction foreman for Henningson Engineering Company. Crawford was asked, concerning the conversation: "Anything said as to the origin of the fire, as to how it started?" and answered, referring to Rasmussen and two boys who were employees under him: "He said one of the boys had started a fire." This answer was the only direct evidence as to how the fire was started. In the former opinion it was said: "No objection was made by the defendant's counsel to this particular question, and no motion was made to strike out the answer." *Triplett v. Western Public Service Co.*, 128 Neb. 835. While what was thus said in the former opinion is strictly true, reasons for considering the inadmissibility of the evidence quoted from Crawford's testimony were vigorously presented at the bar on reargument. Preceding this testimony on the same page of the record, Crawford was asked in regard to the identical conversation: "What was the conversation, John?" To this question the following objection was made: "Objected to as not binding upon the defendants, incompetent, irrelevant, immaterial, hearsay and no part of the *res gestæ*." The objection was overruled. The question applied to the identical conversation to which the question and answer

relating to the origin of the fire applied. Both questions called for testimony of the same nature. To the first question there was a proper objection. A statute provides:

"Where an objection has once been made to the admission of testimony and overruled by the court, it shall be unnecessary to repeat the same objection to further testimony of the same nature by the same witness in order to save the error, if any, in the ruling of the court whereby such testimony was received." Comp. St. 1929, sec. 20-1141.

The rule under the statute has been stated as follows:

"Where an objection to the introduction of evidence is once made and overruled, it is not necessary to repeat the objection to further testimony of the same nature by the same witness in order to save error, if any, in the ruling of the court whereby such testimony was received." *Zediker v. State*, 114 Neb. 292.

In view of the statute and the precedent cited, there does not seem to be any escape from the conclusion that the record presents for review the ruling admitting Crawford's testimony as to the origin of the fire. Rasmussen was not at the scene of the fire when it started, nor for some time afterwards. What he said to Crawford, therefore, was not admissible as *res gestæ*. It was too remote in time and place. If Rasmussen had any knowledge as to the starting of the fire, he acquired it by hearsay and what he said about it to Crawford was not admissible in evidence. The admission of the testimony in question was clearly erroneous. It was also prejudicial. Since the judgment below must be reversed for the error pointed out, and the cause remanded for further proceedings, the former opinion is vacated.

REVERSED AND REMANDED.

PAINE, J., dissents.