IN RE ESTATE OF MERTON E. HOUSE.
ANNA COLE LEFLANG, APPELLEE, v. W. ROLLIN SMITH, ADMINISTRATOR, APPELLANT.
18 N. W. 2d 500

FILED APRIL 20, 1945.   No. 31812.

*Frank M. Johnson,* for appellant.

*Cook & Cook, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

This appeal is from allowance of the claim of Anna Cole Leflang, hereinafter called plaintiff, against the estate of Merton E. House, deceased, of which W. Rollin Smith, Objector, referred to herein as defendant, is the representative as administrator with the will annexed. The claim was based upon a promissory note for $4,000 with interest at 6 per cent, dated January 26, 1932, due January 26, 1936, upon which no payment had been made unless, as plaintiff alleges, the sum of $200 was voluntarily paid on December 23, 1941, the endorsement of which appears as a credit upon the instrument. From allowance of the claim in the county court defendant appealed to the district court interposing objections that the note was without consideration and void; also that the alleged payment was not in fact ever made,

hence the claim was barred by the statute of limitations.

Trial of the issues to a jury in the district court resulted in a verdict and judgment for plaintiff. Defendant's motion for new trial was overruled and he appeals to this court. In the first four assignments of error, which will hereinafter appear verbatim, it is contended that the trial court, over appropriate objections, erroneously permitted plaintiff to testify to certain transactions or conversations with deceased, in violation of section 25-1202, R. S. 1943. Other assignments are that the trial court erred in admitting the note in evidence, in overruling defendant's motion for directed verdict at the conclusion of plaintiff's case, and in the giving and refusal of certain instructions. It is also contended that the verdict is contrary to law and the evidence, and not a fair and deliberate verdict awarded by twelve competent and unprejudiced jurors. The record discloses that none of these assignments of error can prevail.

Prefacing decision of the first four assignments of error, attention is directed to section 25-1202, R. S. 1943, which provides in part: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless * * * such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." The first two assignments of error relating thereto will be disposed of by decision that they were not transactions or conversations with the deceased, the two latter by finding that defendant by his own acts opened the door and waived the benefit of the statute and any erroneous ruling of the court.

The first assignment is that, "The court erred in permitting the claimant to identify the signature of M. E. House

to Exhibit 1 (B. of Ex., Qs. 20-22)". In this connection, it should be noted that plaintiff testified in her own behalf by deposition taken by her attorney in Omaha, Nebraska, whereat counsel for defendant cross-examined at length. The deposition *in toto* was offered in evidence by plaintiff without objection generally but subject as a matter of course to the right of the parties to except to questions and answers during the trial on the ground of incompetency or irrelevancy as provided by section 25-1264, R. S. 1943. *Bentley v. Estate of Bentley*, 72 Neb. 803, 101 N. W. 976. Without objection plaintiff was permitted to testify in her direct evidence that Dr. Merton E. House, deceased, formerly a dentist at Lexington, Nebraska, was her sister's husband whom she had known and treated as a brother for half a century, she having been in his home and he in hers on numerous occasions, particularly throughout the years after the death of her husband and the death of her sister, the wife of deceased, during which period plaintiff had business transactions with the deceased.

The following evidence was then received over objection that it was "in violation of the Statute providing for the exclusion of all transactions and conversations with deceased". No objection was made as to foundation. "Q. 20. And calling your attention to the instrument which the Notary has identified as Exhibit No. 1, I will ask you if you know the signature attached to that instrument? A. Yes; that is Dr. Merton House's signature." The following questions were then asked and answered without objection. "Q. 21. You mean the Merton E. House we have been talking about? A. Yes. Q. 22. And you would say that it is his genuine signature? A. Yes." However, as provided by section 25-1141, R. S. 1943, the former objection having been made and overruled by the court it was unnecessary to repeat the same objection to the latter testimony of the same nature by the same witness in order to save errors if any. See *Zediker v. State*, 114 Neb. 292, 207 N. W. 168; *Triplett v. Western Public Service Co.*, 129 Neb. 799, 263 N. W. 229.

Whether the evidence above recited was erroneously ad-

mitted depends upon whether it was a transaction or conversation with deceased. ' In this connection, it was held in *Clark v. Fleischmann,* 87 Neb. 609, 127 N. W. 914, that, "Exceptions to the statutory rule that 'every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases' (Code, sec. 328) (now sec. 25-1201, R. S. 1943), should not be extended by construction beyond the import of the terms used by the legislature." As was said in *Harnett v. Holdrege,* 5 Neb. (Unof.) 114, 97 N. W. 443, reaffirmed in 73 Neb. 570, 103 N. W. 277, "Under our present statute, to require the evidence of an interested party to be excluded, it must appear that the testimony relates to something of a personal nature passing between the witness and the deceased." In *In re Estate of Baker,* 144 Neb. 797, 14 N. W. 2d 585, we approved the general rule that, "the adverse party may testify to any fact which is not either a transaction, a communication or a statement of the deceased or incompetent person, even if it is material to the case, unless the statute expressly makes him incompetent as to facts equally within the knowledge of the deceased or incompetent person." The statute of this state does not so provide. See *Scharmer v. McIntosh,* 43 Neb. 509, 61 N. W. 727. This court held in *Hlavaty v. Blair,* 101 Neb. 414, 163 N. W. 330, that, "A transaction or conversation within the meaning of section 7894, Rev. St. 1913, (now sec. 25-1202, R. S. 1943), is an action participated in by witness and decedent and to which, if alive, decedent could testify of his personal knowledge." See, also, *Nelson v. Janssen,* 144 Neb. 811, 14 N. W. 2d 662.

In discussing the question of the competency of a witness to prove the genuineness of the signature of deceased in cases similar to the one at bar, it is said in 3 Jones on Evidence, Civil Cases, (4th ed.) sec. 786, p. 1441: "A number of the authorities hold that the adverse party may not prove the genuineness of the signature of a deceased or incompetent person to an instrument in which he is interested. The weight of authority, however, is to the contrary." A majority of the courts hold generally that an interested par-

ty is competent, if otherwise qualified, to testify to the genuineness of the signature or handwriting of a deceased person, notwithstanding the statutory rule excluding transactions or conversations with a decedent, since such testimony involves a matter of opinion and not a personal transaction or conversation between the witness and decedent. Most of the recent cases are in accord with this rule, which we hereby affirm and adopt. *Johnson v. Bee,* 84 W. Va. 532, 100 S. E. 486, 7 A. L. R. 252; *Klein v. York,* 149 Tenn. 81, 257 S. W. 861, 31 A. L. R. 452; Annotation, 31 A. L. R. 460; *Poole v. Beller,* 104 W. Va. 547, 140 S. E. 534, 58 A. L. R. 207; Annotation, 58 A. L. R. 210; *Leffek v. Luedeman,* 95 Mont. 457, 27 Pac. 2d 511, 91 A. L. R. 286; 70 C. J., sec. 436, p. 334. Of course, the interested party would be incompetent to testify to the act of signing. Therefore, *In re Estate of Parvin,* 131 Neb. 853, 270 N. W. 470, relied upon by defendant, is clearly distinguishable from the case at bar although it may be said that it supports the majority view above stated. The evidence in the *Parvin* case, which we held to have been a transaction with deceased and erroneously admitted over proper objection, related entirely to the act of signing. As a matter of fact, however, in that case defendant upon direct examination offered evidence testing the genuineness of the signature of deceased which we held to be simply circumstantial and not evidence of a transaction which would waive the benefit of the statute or cure the previous erroneous ruling of the court in admitting the evidence of the act of signing.

The second assignment of error, which is legally related to the first, is that, "The court erred in permitting the claimant to testify in whose handwriting the endorsement had been made (B. of Ex., Q. 36)." Over appropriate objection the witness was permitted to testify. "Q. 36. And calling your attention to the endorsement on the back of this note, do you know in whose handwriting that is? A. Yes." The following questions and answers thereafter appear without objection. "Q. 37. And in whose handwriting is that? A. Mine. Q. 38. All of the endorsement? A. All of it is

mine." Clearly this evidence was properly admitted, since it could not be held in any manner to be a transaction with deceased under the definitions and applicable law heretofore set forth.

The record discloses that plaintiff did thereafter testify both as to the act of signing and the placing of the endorsement on the note. It will be noted, however, that when this was first attempted proper objection was made thereto by defendant, and sustained by the court. Nevertheless, immediately following plaintiff was permitted to testify at length concerning both of these transactions without any objection interposed and overruled by the court. Defendant made but four objections to testimony relating to the act of signing, and five objections to the act of placing the endorsement on the note, all of which were sustained. Under such circumstances, defendant could not assume that such evidence would be erroneously admitted over objection, make none, and then claim the benefit of the statute, sec. 25-1141, R. S. 1943, which operates to preserve error only when there is an erroneous ruling upon proper objection made. As to such evidence the applicable rule is that, "When a person, who is precluded by the provisions of said section (sec. 25-1202, R. S. 1943) from testifying against the representative of a deceased person, is permitted, without objection, to testify to a conversation or transaction had with such deceased person, it is a waiver of the benefit of the statute." *Parrish v. McNeal,* 36 Neb. 727, 55 N. W. 222. See, also, *Hansen v. Estate of McDougal,* 126 Neb. 538, 253 N. W. 674. We, therefore, decide that defendant's first and second assignments of error are without merit.

Assignments of error three and four are, respectively, that, "The court erred in permitting the claimant to testify how the $1100 automobile payment had been made (B. of Ex., Q. 225)" and, "The court erred in permitting the claimant to testify as to conversations taking place between she (her) and the decedent in connection with the alleged $4000 indebtedness (B. of Ex., Qs. 230-235)". These assignments relate directly to the consideration given for the

note by the plaintiff and the manner in which the plaintiff and decedent arrived at the amount, $4,000, the total of which is composed of many payments of money to or for deceased and his wife. The questions and answers which we do not deem it necessary to recite appear in the deposition taken by plaintiff as re-direct evidence following an exhaustive cross-examination by defendant, all of which cross-examination was offered in evidence by plaintiff and received without any objection by defendant, who himself read it to the jury, whereby he opened the door and waived the incompetency of the witness as to such matters.

*Bentley v. Estate of Bentley, supra,* relied upon by defendant, is distinguishable upon the ground that in that case the defendant not only objected to the direct evidence offered in the deposition where it called for transactions and conversations with deceased, but defendant therein also interposed proper objections to his own cross-examination of the witness when it was offered in evidence by the plaintiff. In the case at bar defendant made no objection to any of the cross-examination when offered. It is a rule in this jurisdiction that, "It is incumbent on one, not wishing to be bound by evidence made incompetent by statute, to make timely objection when it is offered. It is too late to raise the objection for the first time in the appellate court." *Anderson v. Walsh,* 109 Neb. 759, 192 N. W. 328.

The cross-examination by defendant received in evidence without any objection by him went far beyond the direct evidence of plaintiff and covered every possible matter or circumstance involved in the note transaction, including in detail its execution, consideration, instruments given to secure payment, conversations between the witness and deceased, their financial condition, possession and ownership of the note, demands for payment from deceased, and the details of the $200 payment made upon the note, together with its endorsement thereon. The defendant even went farther than cross-examination of plaintiff in the case at bar. After trial in the county court plaintiff's deposition was taken by defendant, in which searching inquiry was

made in detail as to every possible part of the transactions involved, including a résumé of all business transactions which plaintiff ever had with deceased which might have the remotest connection, if any, with the primary transactions. This deposition and every part of it, including plaintiff's cross-examination by her attorney, which in part is substantially the same as that to which assignments three and four are directed, was offered by defendant and received in evidence without reservation or objection as a part of his own defense.

The applicable rules of law are, that when objection to the admission of evidence has been properly made by the representative of a deceased person, under the provisions of section 25-1202, R. S. 1943, and erroneously overruled, the party making such objection does not ordinarily waive his rights under the statute by cross-examining the witness on the same matters or offering direct evidence thereon to meet that erroneously admitted. On the other hand, if either on cross-examination or direct examination the representative goes beyond the scope of the inquiry to which his objection was properly made and as to which it should have been sustained, and introduces evidence of other matters in regard to the original transaction or conversation which are not admissible under the provisions of the statute, then the representative thereby waives the benefit of the statute and any erroneous rulings of the court. In other words, when the representative thus voluntarily opens the door for the purpose of obtaining what he affirmatively desires, he thereby waives the benefit of the statute and gives the interested party the right to further testify in his own behalf and fully explain such transaction or conversation.

An exposition of these principles citing cases from many jurisdictions will be found in Annotation, 64 A. L. R. 1148-1184. See, also, 3 Jones on Evidence, Civil Cases (4th ed.), beginning at section 780, p. 1426. Their application will also be found in several cases from this jurisdiction. See *American Savings Bank v. Estate of Harrington,* 34 Neb. 597, 52 N. W. 376; *Parrish v. McNeal, supra; Taylor v.*

*Ainsworth,* 49 Neb. 696, 68 N. W. 1045; *Kroncke v. Madsen,*
56 Neb. 609, 77 N. W. 202; *Bangs v. Gray,* 60 Neb. 457, 83
N. W. 680; *Dickenson v. Columbus State Bank,* 71 Neb. 260,
98 N. W. 813; *Cline v. Dexter,* 72 Neb. 619, 101 N. W. 246;
*Fitch v. Martin,* 83 Neb. 124, 119 N. W. 25; *Russell v. Estate of Close,* 83 Neb. 232, 119 N. W. 515; *In re Estate of Peterson,* 104 Neb. 574, 178 N. W. 187. In this connection,
however correct the conclusions may be in *Warnick v. Warnick,* 107 Neb. 747, 187 N. W. 51, and *Banking House of
F. Folda v. Higgins,* 122 Neb. 279, 240 N. W. 300, we find
that the rules as stated in the syllabi thereof apply only to
the particuluar case and are too broad for general application. An application of the rules stated herein to the case
at bar clearly demonstrates that defendant's third and
fourth assignments of error cannot be sustained.

Defendant's fifth assignment is that, "The court erred in
admitting Exhibit 1 as a part of the evidence in said case."
The defendant having waived, by his own acts heretofore
set forth, the evidence of plaintiff that she was the owner
and holder of the note which was executed by deceased for
a valuable consideration, and that $200 was paid thereon by
him on December 23, 1941, the endorsement of which plaintiff then wrote on the back of the note, cannot now complain
of its admission in evidence. We also call attention to the
fact that a disinterested witness for plaintiff not only identified the signature of deceased as maker of the note but testified that he was present when the deceased made the $200
payment and saw the plaintiff make the endorsement thereof on the note. Plaintiff was also entitled to the benefit of
the *prima facie* presumption that the note was issued for
valuable consideration as provided in section 62-124, R. S.
1943. See *Cozad State Bank v. McLaughlin,* 128 Neb. 87,
258 N. W. 36; *Plumbly v. Harvard State Bank,* 133 Neb.
630, 276 N. W. 385; *In re Estate of Tynan,* 142 Neb. 671, 7
N. W. 2d 628. Every element necessary as a foundation for
its admission clearly appears in the evidence and we find
that Exhibit 1 was properly admitted. It follows as a matter of course that the trial court did not err in refusing to

direct a verdict for defendant at the conclusion of plaintiff's case, which without further discussion disposes of defendant's assignment of error upon that question.

Defendant contends that the court erred in giving instructions numbers 5, 6, and 8, and in refusing to give certain proffered instructions. An examination of instructions numbers 6 and 8 reveals that they correctly state applicable law and could not be prejudicially erroneous. It is argued that instruction No. 5 is a complete instruction, and erroneous, not only because it treats "as established a disputed fact as to which there is a conflict in the evidence", in violation of the rule in *Levy v. Cunningham*, 56 Neb. 348, 76 N. W. 882, but also that it is erroneous because of the rule stated in *Sanders v. Chicago, B. & Q. R. Co.*, 138 Neb. 67, 292 N. W. 35: "An instruction which sets out a state of facts, and authorizes a verdict for one of the parties upon a finding of such facts, is erroneous, unless it includes every fact necessary to sustain a verdict in favor of such party, unless the omitted facts are conclusively established." With this in mind we have examined instruction No. 5 and find that it does not treat as established a disputed fact, and that it does include every fact necessary to sustain a verdict. It has the virtue of brevity, and considered alone its clarity to the layman might be questioned. However, when read in connection with all the other instructions given, its clarity is manifest without any doubt. After examining all of the instructions given by the trial court, we are persuaded that they presented the issues to the jury in a manner which could not be prejudicial to any rights of defendant, and since defendant's proffered instructions were substantially included in the instructions given it cannot be said that the court erroneously refused any of them.

Defendant's last assignment is that the verdict and judgment thereon are contrary to law and the evidence, and that the verdict is not a fair and deliberate one awarded by twelve competent and unprejudiced jurors. The latter contention was presented to the trial court by affidavit of attorney for defendant, and the affidavits and counter-affidavits

of jurors in support of and opposing defendant's motion for new trial.

Defendant first insists that two of the jurors were seriously ill and thereby prevented from deliberating upon the issues in the case, thus inducing an ill-considered and hurried verdict justifying a new trial. An examination of the affidavits presented by the parties demonstrates that this contention lacks any substantial foundation in fact. Defendant cites no applicable authority of law sustaining his position, and we decide that it is without merit.

Defendant's contention that a juror while considering the verdict stated to fellow jurors that he had voted for claimant because of certain facts within his personal knowledge but not appearing in the evidence, which influenced the jurors, is more serious but not fatal to the verdict under the facts presented. There is no allegation that plaintiff herself was guilty of any misconduct. In giving consideration to this contention we have examined the entire record, including the conflicting affidavits presented, some of which were made for each of the parties by the same jurors.

We do not believe it necessary to set forth the statements alleged to have been made by the juror charged with misconduct. Suffice it to say, that some of such statements are legitimately reflected by facts and inferences from facts appearing in the record. They could therefore of necessity be properly made by the juror without being guilty of any misconduct. As to the others, it is apparent they are mere expressions of opinion and not statements of fact. As stated in *Egan v. State,* 97 Neb. 731, 151 N. W. 237, and approved in *In re Estate of Keup,* decided March 16, 1945, *ante,* p. 729, 18 N. W. 2d 63, "Matters of opinion and arguments of jurors in the jury room are considered as inhering in the verdict, and as not such matters of misconduct as can be proved by the jurors themselves." See, also, *Schindler v. Mulhair,* 132 Neb. 809, 273 N. W. 217. It follows that the court properly refused to grant a new trial because of any alleged misconduct of jurors.

We conclude that the verdict and judgment thereon are

in conformity with the law and amply supported by the evidence, much of which is without any dispute; and, therefore, the judgment is affirmed.

AFFIRMED.