TRUSTEES OF THE MASONIC TEMPLE ASSN. OF SIDNEY, OHIO, *v.* EMMONS, EXR.

(Decided July 31, 1934.)

*Mr. Harry K. Forsyth,* for plaintiffs in error.
*Mr. Charles C. Hall,* for defendant in error.

MONTGOMERY, J.   Error is prosecuted to this court from the Common Pleas Court of Shelby county, which court, upon appeal from the Probate Court of that county, overruled certain exceptions to the accounts of the defendant in error, W. J. Emmons, executor. Certain other exceptions were sustained, but, as no cross-petition in error was filed, they need not be considered.

The record shows the following facts: Testator, Alex S. White, by his will, after making certain bequests, left the residue of his estate to plaintiffs in error. At the time of making the will, which was drawn by Emmons, the latter was, and until March, 1931, continued to be, one of the trustees of the Masonic Temple Association, was its vice-president, and, to some extent, at least, was its legal adviser.

The will was admitted to probate October 29, 1926, and on the same day Emmons qualified as executor. On November 15, 1926, the executor paid to Wicoff & Emmons the sum of $1,000. On March 21, 1927, he paid this firm $500, and on September 9, 1927, he paid it the further sum of $600. During all of this time Emmons was a partner in the legal firm of Wicoff & Emmons and was entitled to one-half its earnings. It is conceded that as to none of these amounts was there compliance with Sections 10727 and 10728 (present analogous sections, 10509-105 and 10509-106) of the General Code of Ohio.

On November 5, 1927, Emmons filed in the Probate Court a petition to have the inheritance tax determined, and in that petition listed among the debts a claim due Wicoff & Emmons of $2,195.62. He also filed

his first account, showing payment of this amount to his firm. This account was approved, as was a second account filed in 1929.

Prior to June 16, 1932, none of the trustees of the Masonic Temple Association, other than Emmons, had knowledge of the payment of these sums, and the fact of payment was brought out on that date in a conference between Emmons and a representative of the trustees, and the latter then protested these payments. On August 4, 1932, the third and final account was filed, and the trustees then filed exceptions to the above-mentioned items, aggregating $2,100, and to certain other items.

On a hearing in the Probate Court upon the exceptions, they were overruled as to these three items. On appeal to the Common Pleas Court, the same judgment was rendered.

Plaintiffs in error contend that Sections 10727 and 10728 of the General Code are mandatory, that these items come within the scope of these sections, and that the payment of them, with the admitted non-compliance with these sections, is illegal and invalid.

Defendant in error contends that the claim represented by these payments is a partnership claim, and, therefore, not within the scope of the sections mentioned. He contends further that the listing of these items in the inheritance tax petition, and in his accounts, and the approval of the accounts, protect him in paying them. He concedes, as of course he must, the right of the exceptors to open up the former accounts in objecting to a final account.

The Probate Court and the Common Pleas Court both held against the executor on his contention that this claim, being a partnership claim, is not covered by Sections 10727 and 10728. With this finding we agree. A partnership for the practice of law is not a legal entity. It is a mere relationship or association

for a particular purpose. It is not such a partnership as is given the right to sue or be sued under its partnership name by virtue of Section 11260 of the General Code. It is not a partnership formed for the purpose of carrying on a trade or business, or of holding property.

Both of the lower courts held, however, that the listing of this claim in the petition to determine the inheritance tax, and in the first account, constituted a sufficient presentment of the claim and that such a claim could be adjudicated on exceptions to the final account. That is the only proposition to which we need direct further consideration.

Sections 10727 and 10728, in force at the times complained of, are as follows:

Section 10727: "No part of the assets of the deceased shall be retained by an executor or administrator, in satisfaction of his own debt or claim, until it has been proved to and allowed by the probate court. Such debt is not entitled to preference over others of the same class."

Section 10728: "When an executor or administrator presents a debt or claim to the probate court for its allowance, which he owns, against the estate he represents, amounting to fifty dollars or more, the court must fix a day, not less than four weeks nor more than six weeks from its presentation, when the testimony touching it shall be heard. The court forthwith shall issue an order, directed to the executor or administrator, requiring him to give notice in writing to all the heirs, legatees, or devisees of the decedent interested in the estate, and such creditors as are therein named. Such notice must contain a statement of the amount claimed, designate the time fixed for hearing the testimony, and be served upon the persons named in the order at least twenty days before the time for hearing. If any persons mentioned in the order are not resi-

dents of the county, service of notice may be made upon them by publication for three consecutive weeks in a newspaper, published or circulating in the county. All the persons named in the order shall be parties to the proceeding, and any other person having an interest in the estate, may come in and be made a party thereto."

Note the mandatory, imperative, character of the language used in Section 10728: The "court must fix a day * * * when the testimony touching it shall be heard." "The court forthwith shall issue an order, directed to the executor * * * requiring him to give notice in writing to all the heirs, legatees, or devisees," etc. "Such notice must contain a statement of the amount claimed, designate the time fixed for hearing the testimony, and be served upon the persons named in the order", etc. "All the persons named in the order shall be parties to the proceeding ", etc.

Contrast these requirements with the authorized manner of passing upon accounts and of determining inheritance taxes. As to the latter, no notice is given. As to accounts a published notice of the filing of an account in a given estate and the date of hearing are all that are required.

How can it be claimed that these latter informal proceedings constitute compliance with mandatory duties imposed by statute?

It is to be observed that proceeding under Section 10728 Emmons would be a party adverse to the estate, and under Section 11495, General Code, not entitled to testify, unless called by the exceptor, as authorized by Section 11497. *In re Estate of Alger,* 10 Ohio App., 93.

In the instant case much of the evidence would have been incompetent in a proceeding under Section 10728.

Considering the fact that Emmons was, at one and the same time, executor, attorney for himself as execu-

tor, officer of the Masonic Temple Association, and the only officer cognizant of the situation, and was also claimant, we cannot conceive readily of a situation which more clearly demonstrates the propriety of Sections 10727 and 10728, and the necessity, as well as the propriety, of observing them. We realize the unfortunate position in which our conclusion may put Mr. Emmons, but mandatory statutes must be complied with. He, an attorney presumably learned in the law, must have known of these statutes and should have governed himself accordingly.

Taking the view which we do, it is unnecessary to comment upon the extent of the services that were rendered, or upon the absence of the kind of proof that ordinarily is anticipated.

The judgment is reversed and the cause is remanded.

*Judgment reversed.*

HORNBECK and SHERICK, JJ., concur.

MONTGOMERY and SHERICK, JJ., of the Fifth Appellate District, sitting by designation in the Second Appellate District.