## FULTON v RODERICK

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 14, 1936

Charles S. Weintraub, Canton, for appellee.

Price Janson, Canton, for appellant.

### OPINION

By SHERICK, J.

This review is upon a question of law from a trial had to the court without the intervention of a jury. It is important that this be kept in mind, because of two

facts: First, in that this court has previously herein overruled a motion to dismiss the appeal predicated upon the appellant's failure to have filed a motion for a new trial; second, in that as a motion for a new trial had not been filed and disposed of, this court may not now engage in considering the evidence in respect to its weight.

We see no need to engage in a recitation of the lengthy facts. The action is by the Superintendent of Banks, now in charge of the liquidation of The Canton Bank & Trust Company, against Morgan W. Roderick as administrator of the estate of John H. Schubach, to recover upon a note of which the decedent was a co-maker. The defense interposed was that the claim had never been accepted, that it had in fact been rejected, and that suit had not been commenced within time and was therefore barred by the statute.

The Canton Bank & Trust Company was first appointed as the estate's personal representative. Thereafter the appellant, Roderick, became, by appointment, its co-representative. It was during the time of this joint administration by the bank and Roderick, as administrators, or shortly after the bank's resignation and retirement, that the principal question in this action arose; that is, whether the bank's claim was presented to, rejected, or allowed by Roderick, its co-administrator. The bank avers and claims that during the period of joint administration it orally presented its claim to the co-administrator, who received and allowed it, and that once allowed it could not thereafter be rejected. The appellant does not content himself with a bare denial of this claim, but asserts the fact to be that the claim was presented to and rejected by him after the bank had been discharged as co-administrator. Had the appellee agreed with the appellant in the matter of time of presentment, this controversy might have been otherwise determined.

The appellee argues that its presentation of the claim to its co-administrator was proper and in accordance with law. That is, that its co-administrator had a right to accept it as a valid and payable claim against the decedent's estate, upon two theories: First, in that the act of one co-administrator is binding upon the other, to which the appellant as a general proposition accedes; second, that claimant bank and co-administrator possessed two entitles, that is, its banking and trust departments were dissimilar and unrelated. The soundness of the second theory is hardly tenable in view of the expression found at page 333, in Ulmer v Fulton, Supt. of Banks, 129 Oh St 323, 195 N. E., 557, 97 A. L. R., 1170, that:

"Under the laws of Ohio, a banking institution * * * with a single board of directors, is one corporate entity, no matter how many departments it may form, either as a matter of convenience in transacting its business, or to meet requirements prescribed by law."

With respect to the first theory we would point out that this is not a matter of a third party claimant presenting a claim to one of two co-administrators, but a claimed allowance by one administrator of his co-administrator's claim. If the general rule were extended to embrace this relationship, then co-administrators might favor each other and estates be defrauded.

A majority of this court in Trustees of Masonic Temple Assn. v Emmons, Exr., 49 Oh Ap 87, 195 N. E., 259, had occasion to hold that §§10727 and 10728 (present analogous §§10509-105 and 10509-106 GC), were mandatory. They prescribed how and by what procedure a personal representative's claim against the estate he was administering should be allowed. §10727 GC prescribed that it should be proved and allowed by the Probate Court in accordance with the procedure set forth in §10728 GC. It seems needless to suggest that these sections contained no exceptions. None should be countenanced by judicial interpretation.

It does therefore follow that the bank's presentation of its claim while an administrator of the estate to its co-administrator was ineffectual to procure the claim's allowance. The statutes indicated denied Roderick any such power.

But as previously indicated, the appellant acknowledges the presentation of the claim to him after the bank had been discharged as administrator. The time of presentation therefore became an issue of fact into which this court in the absence of filing and ruling upon a motion for a new trial may not enter. From the testimony in this record the trial court might well have determined that the appellant was right on the question of time of presentment, and that the appellee was correct on the substance of what was actually said and done.

We call attention to the lack of any statute, other than the two previously indicated, which prescribes how a claim must be presented or accepted. It may be made

verbally as well as in writing. It may be so accepted, or acts and conduct may effect such. Considerable credence must have been given by the trial court to appellee's story in respect to substance, in view of that evidence disclosing that appellant did thereafter and shortly before final rejection in writing pass his voucher to the liquidator in payment of the claim, and which was then returned upon his demand when he found that a renewal note had been taken from the co-maker and the original note could not then be produced. Being precluded, however, from a consideration of the weight of all the evidence, this court can not say that the claim was not presented and allowed and sued upon within two months from its final rejection in writing.

It is claimed that the trial court erred in the admission in evidence of the schedule of debts filed in the Probate Court in compliance with §10509-118 GC. Appellee says that the schedule was admissible as a declaration against interest. It was sworn to that the bank's claim was an estate liability. It was not indicated thereon, as required by the statute, whether it was allowed or rejected. If its admission was erroneous, we are unable to find that its admission was that bit of evidence which caused the plaintiff's evidence to outweigh that of the defendant.

Perceiving no error in this record of which we may be concerned the judgment must be and is affirmed.

Judgment affirmed.

LEMERT, PJ., and MONTGOMERY, J., concur.