CRAWFORD, ESTATE OF, IN RE.

Probate Court, Belmont County.

No. 67226.   Decided July 28, 1962.

ALBRIGHT, J. This proceeding is a hearing on the final account of D. H. Dankworth, Executor of the estate of Rena M. Crawford, deceased, under the provisions of Section 2109.32 of the Revised Code, which provides as follows:

"Every fiduciary's account required by Section 2109.30 of the Revised Code, shall be set for hearing before the probate court. Within one month after an account is filed, the court shall cause notice of the filing of such account and the time and place of hearing thereon to be published once in some newspaper of general circulation in the county. The hearing on the account shall be set not earlier than thirty days after the publication of such notice. The costs of such notice, if more than one account is specified in the same notice, shall be paid in equal proportions by the fiduciaries.

"At the hearing upon an account, the court shall inquire into, consider and determine all matters relative to such account and the manner in which the fiduciary has executed his trust, including the investment of trust funds, and may order the account approved and settled or make such other order as the court deems proper. If, at the hearing upon an account, the court finds that the fiduciary has fully and lawfully administered the estate or trust and has distributed the assets thereof in accordance with the law or the instrument governing distribution, as shown in such account, the court shall order the account approved and settled and may order the fiduciary discharged."

"At the hearing upon the account of a fiduciary, the Court shall inquire into, consider and determine all matters relative to such account and the manner in which the fiduciary has executed his trust, including the investment of trust funds. The Court may examine the fiduciary under oath touching the account and may also cite other persons necessary to a complete investigation. In a proceeding on an account, as in other proceedings, the Probate Court has plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied

by statute. The probate judge has the right and power to hear and determine exceptions filed to the accounts in his Court.

"While the issues as raised by the exceptions ordinarily outline the cause of action and call attention to the defense of the questions involved, it is entirely within the province of the court to examine into all the various acts of the officers of the court to see that a complete and faithful account be rendered. It is the duty of the probate judge, upon the hearing of an account, whether exceptions have been filed thereto or not, to scan it closely, and to determine whether or not the fiduciary has properly exercised his discretion, and it is for that court to make all proper corrections. Where a co-executor excepted to the account filed by two other executors in regard to charging taxes to corpus rather than income, and it was urged that such contention was barred by a previous action to construe the will to which all three executors were parties; it was said that if the executor were so bound by the judgment as to silence him, it nevertheless was the duty of the Probate Court to protect the estate against unwise and illegal accounting and improper and illegal charges, acting sua sponte, regardless of the source from which a complaint comes or information is received, for the protection of the beneficiary, who was not a party to the action to construe. The Probate Court has the power and the duty to disapprove any account of a trustee upon its own motion, if it appears that there is any violation of law or other irregularity." (24 Ohio Jurisprudence (2d), Section 286, Page 131.)

"It is the duty of the probate court to examine accounts filed in that court, and sua sponte or on request of an interested party make such orders as are proper and necessary to secure a faithful and correct administration of the trust." *Jones* v. *Creamer*, 13 CC (N. S.), 585, 22 C. D., 223.

On October 10, 1961, D. H. Dankworth was duly appointed as Executor of the Estate of Rena M. Crawford, deceased.

The estate consists entirely of personal property of the value of $114,746.63.

The entire estate is bequeathed to a number of public, religious and charitable institutions and associations, with the Asbury Theological Seminary and Asbury College of Wilmore, Kentucky, as the residuary legatees of said estate.

The Executor's final account filed June 12, 1962, and set for hearing July 28, 1962, contains the following item of expenditure:

"Dankworth and Archer, claim for services rendered decedent—3/1/58 to 9/2/61—42 months @ $50.00, at her request during her lifetime—$2,100.00."

The Executor is a member of the law firm or partnership of Dankworth and Archer, located at Bridgeport, Ohio.

Sections 2117.01, 2117.02 and 2117.03, Revised Code, provide as follows:

"Section 2117.01, Revised Code (Section 10509-105, General Code).

"No part of the assets of a deceased shall be retained by an executor or administrator in satisfaction of his own claim, until it has been proved to and allowed by the probate court. Such debt is not entitled to preference over others of the same class.

Section 2117.02, Revised Code (Section 10509-106, General Code).

"An executor or administrator within four months after the date of his appointment shall present any claim which he has against the estate to the probate court for allowance. Such claim shall not be paid unless allowed by the court. When an executor or administrator presents such claim, amounting to fifty dollars or more, the court must fix a day not less than four nor more than six weeks from its presentation, when the testimony touching it shall be heard. The court forthwith shall issue an order directed to the executor or administrator requiring him to give notice in writing to all the heirs, legatees, or devisees of the decedent interested in the estate, and to such creditors as are therein named. Such notice must contain a statement of the amount claimed, designate the time fixed for hearing the testimony, and be served upon the persons named in the order at least twenty days before the time for hearing. If any persons mentioned in the order are not residents of the county, service of notice may be made upon them by publication for three consecutive weeks in a newspaper published or circulating in the county, or in such other manner as the court may direct. All the persons named in the order shall be parties to the proceeding, and any other person having an interest in

the estate may come in and be made a party thereto. (Eff. 10-5-61.)

"Section 2117.03, Revised Code (Section 10509-107, General Code).

"At any time after the presentation by an executor or administrator of a claim which he owns against the estate he represents to the probate court for allowance, the court on its own motion, or on motion by any interested party, may appoint an attorney to represent the estate, who shall receive such compensation from the estate as may be fixed by the court. The court shall thereupon require the executor or administrator to make available to such attorney for use in connection with the proceedings, all documents belonging to the estate relating to the subject matter of such claim."

No petition for the allowance of the claim of Dankworth and Archer in the sum of $2,100.00 was ever filed by the executor.

"A claim alleged to be due a law firm in which an executor is a partner, is subject to the mandatory requirements of said section. *Masonic Temple Assn.* v. *Emmons*, 49 Ohio App., 87, 195 N. E., 259."

On November 2, 1961, the executor filed an application to determine inheritance tax and listed the above claim of $2,100.00 as a debt of the estate, which the Court allowed as a deduction against the successions of said estate.

No schedule of claims was ever filed by said Executor as required by Section 2117.16 of the Revised Code.

"The provisions of sections, governing the manner of presentation and allowance of claims of an executor or administrator against the estate which he represents, are mandatory, and cannot be circumvented by the payment of such claims, the listing of them in accounts, and the approval by the probate court of such accounts; nor by the listing of said claims in a petition to determine inheritance taxes. *Masonic Temple Asso.* v. *Emmons*, 49 Ohio App., 87, 195 N. E., 259."

No exceptions have been filed to the Executor's account.

In a similar case, "*Masonic Temple Assn.* v. *Emmons, Exr.*" (49 Ohio App., 87), the following comments were made in part by the Court of Appeals:

"Plaintiffs in error contend the Section 10727, General Code (Section 2117.01, Revised Code) and Section 10728, Gen-

eral Code (Section 2117.02, Revised Code), are mandatory, that these items come within the scope of these sections, and that the payment of them, with the admitted noncompliance with these sections is illegal and invalid.

"Defendant in error contends that the claim represented by these payments is a partnership claim, and, therefore, not within the scope of the sections mentioned.

"The Probate Court and the Common Pleas Court both held against the executor on his contention that this claim, being a partnership claim is not covered by Sections 10727 and 10728, General Code. With this finding we agree. A partnership for the practice of law is not a legal entity. It is a mere relationship or association for a particular purpose. It is not such a partnership as is given the right to sue or be sued under its partnership name by virtue of Section 11260 of the General Code. It is not a partnership formed for the purpose of carrying on a trade or business, or of holding property.

"Both of the lower courts held, however, that the listing of this claim in the petition to determine the inheritance tax, and in the first account, constituted a sufficient presentment of the claim and that such a claim could be adjudicated on exceptions to the final account. That is the only proposition to which we need direct further consideration.

"Note the mandatory, imperative, character of the language used in Section 10728, General Code: The 'court must fix a day * * * when the testimony touching it shall be heard. The Court forthwith shall issue an order, directed to the executor * * * requiring him to give notice in writing to all the heirs, legatees, or devisees, etc. such notice must contain a statement of the amount claimed, designate the time fixed for hearing the testimony, and be served upon the persons named in the order, etc. All the persons named in the order shall be parties to the proceeding, etc.'

"Contrast these requirements with the authorized manner of passing upon accounts, and of determining inheritance taxes. As to the latter, no notice is given. As to accounts, a published notice of the filing of an account in a given estate and the date of hearing are all that are required.

"How can it be claimed that these latter informal proceed-

ings constitute compliance with mandatory duties imposed by statute?

"It is to be observed that proceeding under Section 10728, General Code, Emmons would be a party adverse to the estate and under Section 11495, General Code, not entitled to testify, unless called by the exceptor, as authorized by Section 11497, General Code. *In re Estate of Alger*, 10 Ohio App., 93.

"In the instant case much of the evidence would have been incompetent in a proceeding under Section 10728, General Code.

"Considering the fact that Emmons was, at one and the same time executor, attorney for himself as executor, officer of the Masonic Temple Association, and the only officer cognizant of the situation, and was also claimant, we cannot conceive readily of a situation which more clearly demonstrates the propriety of Sections 10727 and 10728, General Code, and the necessity, as well as the propriety of observing them. We realize the unfortunate position in which our conclusion may put Mr. Emmons, but mandatory statutes must be complied with. He, an attorney presumably learned in the law, must have known of these statutes and should have governed himself accordingly.

"Taking the view which we do, it is unnecessary to comment upon the extent of the services that were rendered, or upon the absence of the kind of proof that ordinarily is anticipated."

The following are excerpts from the Ohio State Bar Association Service Letter Number I—Volume I, November 1961:

"Many attorneys have discovered that although they may have a legally sound claim against an estate, they are precluded from having a day in court due to the failure to properly pursue the procedural steps to enforce such claim."

"A claim due to a law firm in which an executor is a partner is subject to the limitations in Section 2117.02 of the Revised Code."

"This section (Section 2117.02, Revised Code), is a statute of limitations, and executor or administrator who does not present his claim to probate court within three months after his appointment is barred thereafter. *Grube, In re*, 21 Ohio Law Abs., 1."

"An executor or administrator must present his unsecured claim against the estate to the probate court for allowance with-

in 3 months after the date of his appointment or be forever barred from maintaining an action thereon. *Cribbs* v. *Sturman*, 32 N. P. (N. S.), 29.''

Section 2117.02 of the Revised Code, was amended effective October 5, 1961, extending the time from three months to four months, within which a fiduciary could file a claim.

The time for filing a petition for the allowance of said claim in this estate expired February 10, 1962. The executor paid the claim on October 12, 1961.

It is therefore the mandatory duty of the Probate Court to disallow the payment of the invalid claim of the law firm of Dankworth and Archer in the sum of $2,100.00, due to the failure of the Executor, a member of said law firm, to present this claim for allowance within four months from the date of his appointment as provided by Section 2117.02 of the Revised Code.