OPINION
The administrator and attorney for the Estate of Edgar E. Hadorn, John L. Woodard, appeals the July 12, 2001, Judgment Entry of the Tuscarawas County Court of Common Pleas, Probate Division.
 STATEMENT OF THE FACTS AND CASE
Edgar E. Hadorn passed away on October 23, 1994. Hadorn was married twice during his life. His first wife, Edna, predeceased Hadorn. Three children were born of Hadorn's marriage with Edna: Ethel Marie Walker, Esther Mae Schultz, and Ellen Mary Ward. All three children survived Hadorn. Hadorn's second wife was Anna M. Hadorn. Anna also survived Hadorn. No children were born of Hadorn's second marriage.
Hadorn executed his Last Will and Testament on September 27, 1954. The Will was admitted to Probate without objection or contest on November 4, 1994. The Will gave, devised, and bequeathed all of Hadorn's property to his three children. His second and surviving spouse, Anna M. Hadorn, received nothing under the Will. However, the surviving spouse elected to take against Hadorn's Will and receive her share of Hadorn's Estate under R.C. 2106.01.[1]
Attorney John L. Woodard was appointed administrator of Hadorn's Estate. The surviving spouse, Anna M. Hadorn, was represented by separate counsel.
The administration of the estate proceeded. On December 29, 1995, Attorney Woodard filed an application for approval of attorney fees and administrator fees. The application indicated that Anna Hadorn and Hadorn's three children had approved of Attorney Woodard's request for attorney fees.
At some point, appellant "rendered" a final account to the trial court.[2] The record reflects that on February 14, 1996, the trial court judge sent Attorney Woodard a letter which indicated that the trial court had concerns about how the estate was administered. Specifically, the trial court was concerned as to how the estate tax was apportioned between the recipients of the estate and as to the total administrator and attorney fees charged to the estate. The trial court's letter indicated that the trial court expected to address these issues at a hearing. Therefore, the trial court issued a Judgment Entry, filed February 14, 1996, which stated that there would be a hearing March 11, 1996, to review questions regarding the final account and the attorney and administrator fees therein. The record does not indicate whether the March 11, 1996, hearing was conducted. However, the record contains a letter dated July 11, 1996, and/or April 21, 1997, which indicates that the trial court was under the understanding that Attorney Woodard would revise the figures in the final account and present them to the trial court for approval.[3]
The record shows no further estate activity until January 25, 2001, when the trial court issued a Judgment Entry which stated that "upon the court's own Motion this matter is set for Status Hearing." The Status Hearing was conducted on April 16, 2001, before a Magistrate. The Magistrate expressed the trial court's concern over appellant's request for attorney fees as well as administrator fees and the final account. As a result of that hearing, the Magistrate issued a Magistrate's Decision on May 23, 2001. The Magistrate's Decision identified three central problems with the administration of Hadorn's Estate which were unresolved by Attorney Woodard:
 1) the manner of apportionment of the Ohio Estate Taxes
 2) under payment of the one-third share to the surviving spouse, under R.C. 2106.03; and
 3) the amount of the attorney fees and administrator fees paid to Attorney Woodard. The Magistrate noted that as a consequence of the problems, the final account had not been approved by the trial court. After reviewing the issues in detail, the Magistrate recommended to the trial court that Anna Hadorn receive an additional $3,586.99 from Hadorn's Estate. The Magistrate recommended that the estate fiduciary, Attorney Woodard, should be responsible for recouping such money from other heirs, or else the fiduciary should be personably liable for it, or liable on the bond. Further, the Magistrate recommended that Attorney Woodard repay the estate the sum of $3,526.99 due to the overpayment of attorney fees and fiduciary fees. Lastly, the Magistrate recommended that Attorney Woodard submit an account for filing, setting forth his plan for apportionment of estate taxes. The Magistrate detailed in his decision how the estate taxes should be apportioned among the heirs according to the statute governing this apportionment.
On June 6, 2001, Attorney Woodard filed Objections to the Magistrate's Decision. In the Objections, Attorney Woodard argued:
 1) the attorney fees should be approved as presented to the Court by reason of the extraordinary work and the complications of the estate
 2) the one-third share to the surviving spouse is correctly calculated and, if not, the spouse has waived the same
 3) the apportionment of estate taxes shall be submitted in a supplementary report.
A hearing on the Objections was held on July 9, 2001. At the hearing, Attorney Woodard's argument was limited to an assertion that since no objections to the final account were filed by the interested parties, the trial court should approve the final account as originally submitted. The trial court responded that "the Court maintains the ability always to make the final decision and so whether or not the parties involved have agreed or disagreed is really irrelevant." Transcript of Proceedings, page 23. Subsequently, on July 12, 2001, the trial court issued a Judgment Entry which overruled the Objections and approved and adopted the Magistrate's Decision.
It is from the July 12, 2001, Judgment Entry that appellant Attorney Woodard, Administrator and Attorney for the Estate of Edgar E. Hadorn [hereinafter appellant], appeals, raising the following assignments of error:
 I. THE COURT COMMITTED ERROR IN FAILING TO FILE THE FINAL ACCOUNT.; II. THE TRIAL COURT COMMITTED ERROR IN THE DECISION AS TO APPORTIONMENT OF TAXES.
 I
In the first assignment of error, appellant argues that the trial court erred when it failed to approve and file the final account rendered by appellant for the estate and refused to schedule a hearing on the final account. Appellant contends that the trial court should have approved the final account as submitted because no objections were raised to the final account. We disagree.
The probate court is given exclusive jurisdiction to "direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." R.C. 2101.24(1)(c). A probate court shall order a final account approved and settled if the court finds that the fiduciary has fully and lawfully administered the estate or trust and has distributed the assets of the estate or trust in accordance with the law or the instrument governing distribution.[4]
R.C. 2109.32. However, implicit in R.C. 2109.32 is the discretion of the probate court to deny the approval of the final account if the fiduciary has not fully or lawfully administered the estate. Should a probate court not approve a final account, the court may make any other orders the court considers proper. R.C. 2109.32.
This duty of the probate court exists and continues regardless of whether any objections to the final account have been raised. "[I]t is entirely within the province of the Court to examine into all the various acts of the officers of the court to see that a complete and faithful account be rendered. It is the duty of the probate judge, upon the hearing upon an account, whether exceptions have been filed or not, to scan it closely, and to determine whether or not a complete and faithful account has been rendered and whether or not the fiduciary has properly exercised his discretion and it is for the court to make all proper corrections." In re Crawford (1962), 89 Ohio Law Abs. 530, 21 O.O.2d 215, 184 N.E.2d 779.
In this case, it is clear from the record that the trial court had concerns about the handling of the estate by appellant. The trial court sent letters to appellant which expressed the trial court's concerns about the final account rendered by appellant. Specifically, the trial court expressed concerns as to the amount of attorney fees and administrator fees paid to appellant, the apportionment of estate taxes, possible underpayment to the surviving spouse and payments made to family members for "clean up and auction preparation." February 14, 1996, letter from trial court to appellant. These are valid issues which a trial court may consider and make orders regarding before approving the final account and closing the estate.
We overrule appellant's assignment of error. The lack of objections does not relieve the trial court of its duty to consider whether the estate was fully and lawfully administered and the assets of the estate were distributed in accordance with the law or the Will.
 II
In the second assignment of error, appellant argues that the trial court erred in ordering that the estate taxes be re-apportioned. Appellant contends that since the heirs were notified as required by law and failed to make an objection to the apportionment, the apportionment became final. Thus, appellant argues that the parties are bound by the apportionment as determined by the Executor. We disagree.
Revised Code 2113.86 sets forth the manner in which taxes are to be apportioned. The trial court found that the taxes were not apportioned in accordance with R.C. 2113.86. Revised Code 2113.87(B) states the following:
 The fiduciary may notify any person interested in the estate of the manner of the apportionment of tax determined by the fiduciary. Upon receipt of such a notice, a person interested in the estate, within thirty days after the date of receipt of the notice, may indicate his objection to the manner of apportionment by application to a probate court as described in division (A) of this section. If the person interested in the estate fails to make the application within the thirty-day period, he is bound by the manner of apportionment determined by the fiduciary.
Appellant argues that because no one objected to the apportionment, all parties, including the trial court, are bound to the apportionment.
We find that R.C. 2113.87 does not limit the authority of the probate court to review the administration of the estate, including the apportionment of taxes. The probate court is required to consider whether the estate was administered in accordance with the law.[5]
Appellant's second assignment of error is overruled.
The judgment of the Tuscarawas County Court of Common Pleas, Probate Division, is affirmed.
By EDWARDS, J.; WISE, P.J. and Boggins, J.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Probate Division, is affirmed. Costs to appellant.
[1] Revised Code 2106.01 states the following, in relevant part:
 (B) If the surviving spouse elects to take under section 2105.06 of the Revised Code and if the value of the property that the surviving spouse is entitled to receive is equal to or greater than the value of the decedent's interest in the mansion house as determined under section 2106.10 of the Revised Code, the surviving spouse also is entitled to make an election pursuant to division (A) of section 2106.10
of the Revised Code.
 (C) If the surviving spouse elects to take under section 2105.06 of the Revised Code, the surviving spouse shall take not to exceed one-half of the net estate, unless two or more of the decedent's children or their lineal descendants survive, in which case the surviving spouse shall take not to exceed one-third of the net estate.
[2] The proposed final account is not in the record.
[3] The letter appears to have been originally dated July 11, 1996, and signed by George J. Demis, Probate/Juvenile Judge. However, another date, April 21, 1997, indicating Judge Linda Kate as the Presiding Judge, was added to the letter. However, Judge Kate did not sign the letter. The letter bears only Judge Demis' signature.
[4] Revised Code 2109.32 requires a probate court to set a hearing on a final account to consider whether to approve the final account. First, we find that the trial court did hold a hearing. The matter was set for a status hearing in front of the Magistrate on appellant's proposed final account. Appellant was present, and, as can be determined from the transcript, knew what the hearing was about. Second, we find that appellant has not preserved the issue for appeal as to whether that status hearing was a hearing on the final account. The appellant does not object at the status hearing to what is being discussed. Further, when appellant files his objection to the Magistrate's Decision resulting from that hearing, appellant does not object in writing that the status hearing was used as a hearing on the final account.
[5] Appellant does not contend that the trial court apportioned the estate taxes contrary to the requirements of R.C. 2113.86. Appellant only argues that because no objections were raised within thirty days of notice of the apportionment, the parties are bound by appellant's apportionment.