OPINION
{¶ 1} Appellant, Charles Douglas Rolfe, Jr., executor of the estate of Mabel L. Rolfe ("the ward"), appeals the decision of the Fayette County Court of Common Pleas, Probate Division, overruling his exception to an accounting submitted by the ward's guardian, Michele Rolfe ("guardian"). We affirm the decision for the reasons outlined below.
 {¶ 2} Appellant filed an exception to the guardian's final accounting in 2002. The exception contested the $3,630 real estate commission paid to Patsy Rolfe ("Ms. Rolfe") for the sale of the ward's residence in 2000. Ms. Rolfe's real estate license was held in escrow, and she was not working with a broker at the time she assisted with the sale.
 {¶ 3} The probate court held a hearing on the account and overruled appellant's exception. Appellant appeals, presenting one assignment of error.
 {¶ 4} "The Probate Court Of Fayette County, Ohio Erred To The Prejudice Of The Estate Of Mabel L. Rolfe In Overruling The Executor's Exception To The Final Guardian's Account Of The Late Mabel L. Rolfe."
 {¶ 5} A "guardian" is one who manages an individual's person or estate, or both, and the individual for whose benefit they are managed is referred to as the "ward." R.C. 2111.01(A) and (B). A guardian for the ward's estate is required to manage the estate for the best interest of the ward. R.C. 2111.14(B).
 {¶ 6} The relationship between a guardian and a ward is fiduciary in nature, and in discharging the duties of a guardian, the law requires fiduciaries "to act in good faith and primarily for the benefit of the ward in matters connected with his well-being." In re Guardianship ofGuzay, Franklin App. No. 02AP-745, 2003-Ohio-5036 at ¶ 22.
 {¶ 7} The "continued financial integrity of the ward's estate is then assured by requiring that the fiduciary, or guardian, give a periodic accounting of his trust." (Citations omitted.) In re Guardianshipof Bowen (Apr. 22, 1993), Pickaway App. No. 92 CA 25.
 {¶ 8} An interested person may file exceptions to this accounting, id., and the probate court has the right and power to hear and determine exceptions filed to the accounts. R.C. 2109.32; 2109.302;2101.24; In re Crawford's Estate (C.P. 1962), 89 Ohio Law Abs. 530.
 {¶ 9} At a hearing upon an account, the probate court shall inquire into, consider, and determine all matters relative to the account and the manner in which the fiduciary [guardian] has executed the fiduciary's trust. R.C. 2109.32.
 {¶ 10} Appellant argues that the guardian ignored the probate court's order authorizing the sale of the ward's residence when she engaged and paid Ms. Rolfe for her real estate services instead of using a licensed real estate broker or a licensed real estate agent.
 {¶ 11} During the hearing held on the account and exception, Ms. Rolfe acknowledged in her testimony that she was not entitled to a real estate commission because her license was in escrow and she was not working with a broker. Ms. Rolfe stated that she "didn't think about it being an issue at that time."
 {¶ 12} Ms. Rolfe also testified that she had not discussed the status of her real estate license with the guardian. Additionally, the guardian testified that she did not know about the issues concerning Ms. Rolf's license during the sale and was not aware that Ms. Rolfe was ineligible for a commission.
 {¶ 13} The guardian testified that she believed the sale of the ward's house benefitted the ward and her estate. Specifically, the guardian stated that the ward's house sold for $3,500 more than it was appraised and that the commission paid to Ms. Rolfe was less than the commission percentages that would have been charged by other real estate professionals. The probate court found in its entry that the sale and three percent fee benefitted the ward's estate.
 {¶ 14} We note that the probate court indicated in its judgment entry that appellant had failed to previously object to Ms. Rolfe receiving the real estate commission. The record before this court does not provide a clear indication of what appellant knew about Ms. Rolfe and when he knew it.
 {¶ 15} However, we find that competent, credible evidence supports the probate court's decision to overrule appellant's exception. SeeTeegardin v. Teegardin (Mar. 3, 1998), Franklin App. No. 97APE08-982. The record supports the determination that the guardian was acting in good faith during the sale for the benefit of her ward and should not be held responsible for repaying the real estate commission.
 {¶ 16} The guardian testified that she was not aware that Ms. Rolfe was ineligible for the commission. The probate court was in the best position to judge the credibility of the witnesses. SeeTeegardin.
 {¶ 17} The probate court's decision and the result of our review should not be construed as condoning Patsy Rolfe's conduct with the sale. We are simply affirming the probate court's decision overruling the exception to the guardian's account. Appellant's only assignment of error is overruled.
 {¶ 18} Judgment affirmed.
YOUNG and POWELL, JJ., concur.